92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED NATIONAL INSURANCE COMPANY; Aetna Casualty and
Surety Company, Plaintiffs-Appellees,
v.
MYDRIN, INC., for itself and as successor in interest to R &
D Latex, Inc.; R & D Latex Corp., Defendants-Appellants.
 No. 95-55733.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided Aug. 2, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We vacate the district court's grant of summary judgment in favor of Aetna and United National and remand.
 
 
 3
 Aetna and United National brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. "The Declaratory Judgment Act was an authorization, not a command.... A declaratory judgment ... should be granted only as a matter of judicial discretion, exercised in the public interest." Public Affairs Assocs. v. Rickover, 369 U.S. 111, 112 (1962) (per curiam) (citations and internal quotations omitted). We review the district court's decision to exercise its jurisdiction over this declaratory judgment action for abuse of discretion. Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2144 (1995).
 
 
 4
 Federal courts should generally "decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court...." Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 798 (9th Cir.1995) (quoting American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir.1995)). Because the district court did not explicitly consider whether to exercise its discretionary jurisdiction and because the " 'fitness of the case for resolution' may be 'peculiarly within [its] grasp,' " id. at 799 (quoting Wilton v. Seven Falls Co., 115 S.Ct. at 2144), we remand for an exercise of discretion as required by our opinions in Hungerford and Karussos.[1]
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Supreme Court's recent holding that federal courts may not dismiss, on Burford abstention grounds, common-law actions for damages does not affect our disposition here. See Quackenbush v. Allstate Ins. Co., 116 S.Ct. 1712 (1996). The Court distinguished declaratory judgment actions, where federal courts have discretion to decline jurisdiction. Id. at 1722 (citing Wilton v. Seven Falls Co., 115 S.Ct. at 2140)