141 F.3d 916
 98 Cal. Daily Op. Serv. 2502, 98 Daily Journal
D.A.R. 3457
UNITED NATIONAL INSURANCE CO.; Aetna Casualty & Surety Co.,
Plaintiffs-Appellees,
v.
R & D LATEX CORP.; Mydrin, Inc., for itself and as
successor in interest to R & D Latex Corp.,
Defendants-Appellants.
 No. 97-55123.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 4, 1998.
Decided April 6, 1998.
As Amended May 14, 1998.
 
 John Shaeffer, Los Angeles, CA, for defendants-appellants.
 Elizabeth L. Crooke, Los Angeles, CA, Michael D. Prough, Walnut Creek, CA, for plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California; Manuel L. Real, District Judge, Presiding. D.C. No. CV-94-04140-R.
 Before: FLETCHER, MAGILL,* and T.G. NELSON, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 In this comeback case, Mydrin, Inc., again appeals the district court's grant of summary judgment and partial summary judgment respectively in favor of United National Insurance Company ("United National") and Aetna Casualty & Surety Company ("Aetna"). United National and Aetna brought declaratory judgment actions seeking to avoid the obligation to defend or indemnify Mydrin against suits still pending in California Superior Court.
 
 
 2
 We previously vacated the judgment in United Nat'l Ins. Co. v. Mydrin, Inc., 1996 WL 436508 (9th Cir. Aug. 2, 1996), and remanded these consolidated cases to the district court to consider whether it should exercise its discretionary jurisdiction. On remand, however, the district court summarily reaffirmed its earlier decision without providing any supporting reasoning or factual findings. We hold that the district court abused its discretion in failing to articulate its reasons for assuming jurisdiction over these cases and again remand.
 
 I.
 
 3
 Mydrin, Inc., and its predecessor in interest, R & D Latex Corporation, manufactured and sold latex compound for use in tufted carpeting. Two carpet manufacturers, Royalty Carpet Mills, Inc., ("Royalty") and Western Dyeing and Finishing Corporation ("Western"), brought separate suits against Mydrin alleging breach of contract, breach of express and implied warranties, and other claims, which are still pending in California Superior Court.
 
 
 4
 On June 20, 1994, United National filed a complaint in the district court for the Central District of California naming Mydrin and Royalty as defendants, seeking a declaration that it had no duty to defend or indemnify Mydrin with respect to the Royalty action and seeking reformation of the policy claiming that Mydrin had misrepresented its knowledge of Royalty's claim prior to the policy period. On October 5, 1994, Aetna filed a complaint in the same district court, naming Mydrin, Royalty and Western as defendants, likewise seeking a declaration that it had no duty to defend Mydrin in the Royalty action or the Western action and seeking reimbursement of defense costs already advanced. Noting that the United and Aetna actions involved similar issues of fact and law, Mydrin moved for consolidation of the actions. Pursuant to Federal Rule of Civil Procedure 42(a), both actions were consolidated before Judge Manuel L. Real.
 
 
 5
 The district court subsequently granted United National's motion for summary judgment. Several weeks later, it granted Aetna's motion for partial summary judgment on the issue of its duty to defend and indemnify with respect to the Royalty action.
 
 
 6
 Because Aetna's action also raised claims for declaratory relief relating to the Western action and sought reimbursement of defense costs, the granting of the two motions did not constitute a final disposition of the consolidated cases. Intending to remedy this lack of finality, Aetna and Mydrin entered into a stipulation that, because the coverage issues related to the Western action were virtually identical to those of the Royalty action, the Royalty order would be "deemed to adjudicate" the Western action as well. As part of that same stipulation, Aetna agreed to "dismiss without prejudice its second claim for relief for reimbursement of defense costs." The district court's order following the stipulation purported to be a final decision.[1]
 
 
 7
 Mydrin appealed, arguing that the district court erred in exercising its discretionary jurisdiction over the consolidated cases, and that the district court erred in granting summary judgment and partial summary judgment respectively in favor of United National and Aetna. On appeal, we vacated the judgment and remanded to the district court to consider the appropriateness of exercising its discretionary jurisdiction pursuant to American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995), and Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995).[2] See United Nat'l Ins. Co. v. Mydrin, Inc., 1996 WL 436508 (9th Cir.Aug. 2, 1996). On remand, however, the district court, over Mydrin's objection, summarily reaffirmed its earlier decision without providing any supporting reasoning or making any factual findings.
 
 
 8
 Mydrin again appealed, contending that, by exercising jurisdiction over the consolidated suits, the district court abused its discretion on two grounds: failure to articulate its reasons for exercising jurisdiction; and failure to exercise its discretion to decline jurisdiction by improperly balancing the relevant factors. We have jurisdiction pursuant to 28 U.S.C. § 1291 and again remand.
 
 II.
 
 9
 We review a district court's "decisions about the propriety of hearing declaratory judgments actions ... for abuse of discretion." Wilton v. Seven Falls Co., 515 U.S. 277, 289-90, 115 S.Ct. 2137, 2144, 132 L.Ed.2d 214 (1995); accord Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir.1998) (en banc) ("[O]ur review of a district court's decision to entertain an action under the Declaratory Judgment Act is deferential, under the abuse of discretion standard." (citing Wilton )). If neither of the parties raises the issue of discretionary jurisdiction in the district court we will not address it sua sponte, provided we are satisfied that the district court has subject matter jurisdiction, unless "extraordinary circumstances" compel our doing so. Dizol, 133 F.3d at 1224 n. 4.
 
 
 10
 United National and Aetna argue that, since Mydrin did not raise the issue of discretionary jurisdiction when first before the district court, we are precluded by Dizol from reviewing it. However, this case is in an unusual posture. The issue of discretionary jurisdiction was before the district court on remand because we ordered the district court to consider it. See United Nat'l Ins. Co. v. Mydrin, Inc., 1996 WL 436508 (9th Cir. Aug. 2, 1996) (vacating and remanding the judgment for the district court to consider the appropriateness of exercising its discretionary jurisdiction). That order is the law of the case. On remand, the parties briefed and argued the issue. The district court found that it was proper for it to exercise its jurisdiction, but gave no reasons.[3] That was error.
 
 
 11
 When the issue of whether to exercise its discretionary jurisdiction is raised before the district court, it "must make a sufficient record of its reasoning to enable appropriate appellate review." Dizol, 133 F.3d at 1225. The rationale behind this requirement is that meaningful appellate review for abuse of discretion is foreclosed when the district court fails to articulate its reasoning. Articulation by the district court of its reasoning is especially critical in cases, such as the instant ones, where related suits presenting the same issues of state law are pending in state court. See id. at 1224 n. 4.
 
 
 12
 The Supreme Court has prohibited courts of appeals from engaging in de novo reweighing of the factors guiding discretionary jurisdiction over these cases. Wilton v. Seven Falls Co., 515 U.S. 277, 287-90, 115 S.Ct. 2137, 2143-44, 132 L.Ed.2d 214 (1995). Instead, the factors are for the district courts to weigh in the first instance "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." Id. at 289, 115 S.Ct. at 2144. Courts of appeals may only review district court decisions whether to exercise jurisdiction under the DJA for abuse of discretion. Id. Unfortunately, the lack of any reasoning or explanation whatsoever by the district court in support of its decision forecloses any meaningful appellate review for abuse of discretion. Accordingly, we hold that the district court abused its discretion by failing to articulate its reasoning for exercising jurisdiction. We have no choice under the facts of this case but to again remand, since we are not convinced, due to the uncertainty of the law, that the parties would get the same decision were they to proceed anew in state court. See Polido v. State Farm Mut. Auto Ins. Co., 110 F.3d 1418, 1424 (9th Cir.1997); cf. Golden Eagle Ins. Co. v. Travellers Companies, 103 F.3d 750, 756 (9th Cir.1996) (overruled in part on other grounds by Dizol, 133 F.3d at 1227). Additionally, we hold that the district court erred in granting summary judgment to United National and Aetna since Mydrin raised genuine issues of material fact as to when the claims were made, whether the claims alleged property damage, and whether the damaged property could have been restored. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995) (summary judgment improper if any material factual issues exist for trial).
 
 III.
 
 13
 Mydrin argues that, if we are inclined to again remand, we should remand to a different district judge pursuant to 28 U.S.C. § 2106, on the grounds that Judge Real cannot reasonably be expected upon remand to disregard his previously expressed views in this matter. We agree.
 
 
 14
 As we recently explained in California v. Montrose Chem. Corp.:
 
 
 15
 Under § 2106, remand to a different district court judge is appropriate if there is a demonstration of personal bias or unusual circumstances. In determining whether unusual circumstances exist the court considers:
 
 
 16
 (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
 
 
 17
 The first two factors are considered to be of equal importance; moreover, a finding of either one would support remand to a different judge.
 
 
 18
 104 F.3d 1507, 1521 (9th Cir.1997).
 
 
 19
 Judge Real has twice granted summary judgment to United National and Aetna and has failed to articulate his reasons for exercising discretionary jurisdiction. In light of the history of this litigation, we conclude that if this case were before him for a third time he would have substantial difficulty in putting his previously expressed views out of his mind.
 
 
 20
 VACATED and REMANDED with direction that the case be reassigned to a different district court judge.
 
 
 
 *
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 In most instances, pursuant to Federal Rule of Civil Procedure 54(b), "orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." Cheng v. C.I.R., 878 F.2d 306, 309 (9th Cir.1989); accord Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1075 (9th Cir.1994) ("By requiring parties to raise all claims of error in a single appeal following final judgment on the merits, § 1291 forbids piecemeal disposition on appeal of what for practical purposes is a single controversy." (citations and internal quotation marks omitted))
 However, we recently distinguished, in Local Motion, Inc. v. Niescher, between a losing party manufacturing finality by dismissing remaining claims without prejudice, which would not be appealable under § 1291, and a prevailing party dismissing remaining claims without prejudice in an effort to prevent an appeal, which would be appealable under § 1291. 105 F.3d 1278, 1279 (9th Cir.1997). The common thread of these cases is the protection of the appellate process from manipulation by the parties.
 Here, Aetna, a prevailing party, dismissed its remaining claim in an effort to facilitate an appeal by Mydrin. This is not manipulation of the appellate process. Following our "pragmatic approach to finality," Dannenberg, 16 F.3d at 1075, we hold that the district court's judgment is appealable.
 
 
 [2]
 These cases have subsequently been substantially overruled by Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir.1998)
 
 
 [3]
 The district court's order of December 16, 1996, states in its entirety:
 
 
 [1]
 That it was proper for the Court to exercise its discretion pursuant to Employers Reinsurance Corporation v. Karussos, 65 F.3d 796 (9th Cir.1995); and American National Fire Insurance Company v. Hungerford, 53 F.3d 1012 (9th Cir.1995) in accepting jurisdiction over these consolidated matters;
 
 
 [2]
 That the judgment in favor of Plaintiff UNITED NATIONAL INSURANCE COMPANY on June 26, 1995, is reaffirmed; and
 
 
 [3]
 That the judgment in favor of Plaintiff AETNA CASUALTY & SURETY COMPANY on March 9, 1995, is reaffirmed