438

NESTLE USA, INC., a Delaware
corporation, Plaintiff–
Appellant,

v.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA, formerly
known as Aetna Casualty & Surety
Company of America, a Connecticut
corporation; Travelers Casualty &
Surety Company, formerly known as
Aetna Casualty & Surety Company, a
Connecticut corporation; the Charter
Oak Fire Insurance Company, a Con-
necticut corporation; the Travelers
Indemnity Co., a Connecticut corpora-
tion, Defendants–Appellees.

No. 99–56073.
D.C. No. CV–98–05515–HLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2001.

Decided March 22, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and ZAPATA *, District Judge.

MEMORANDUM **

A. Appellate Jurisdiction.

■ Travelers contends we lack jurisdiction over this appeal because Nestle dismissed its claims against the only remaining defendant, Northbrook, after the district court entered summary judgment in favor of Travelers. Travelers argues that there is no appellate jurisdiction under 28 U.S.C. § 1291 when "a losing party manufactur[es] finality by dismissing remaining claims without prejudice." *United ed Nat'l Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 918, n. 1 (9th Cir.1998).

■ Nestle dismissed its claims against Northbrook without prejudice (and pursuant to court order) after the district court ruled in Travelers' favor, but before the district court issued its "final judgment."[1] In evaluating whether the exercise of jurisdiction is proper, we take a "pragmatic approach to finality" in order to ensure the "protection of the appellate process from manipulation by the parties." *Id.; Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1075 (9th Cir.1994).

We have jurisdiction over this appeal. The district court's "final judgment" was entered *after* Nestle dismissed its claims against Northbrook, and it specifically references the dismissal. The district court then went on to hold "[a]s to the Consoli-dated Action, plaintiff Travelers prevails against the only remaining defendant, Nestle." There can be no question that the district court entered judgment as to the only remaining parties in this action and that the judgment was final.

B. The Policy Exclusion.

Nestle contends that its Lanham Act injuries did not arise solely from Stoner's breach of contract, but were caused also by Stoner's trademark law violations which were independent of the contract. Nestle relies heavily on *Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674 (9th Cir.1993). In *Killer Music*, the insured used copyrighted material without a license and in violation of the terms of an expired contract. Despite the existence of a policy exclusion for claims arising from breach of contract, we held that there was a potential for insurance coverage because a copyright infringement action could be brought independent of any contract, and in fact, no contract then existed—a fact that distinguishes *Killer Music* from our case. *Id.* at 677–78.

■ Travelers "bears the burden of bringing itself within a policy's exclusionary clauses" which are "strictly construed." *HS Services, Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 645 (9th Cir. 1997). Travelers must show there is no potential for a covered claim.

■ California courts interpret the term "arising out of" broadly in various kinds of insurance provisions. *Acceptance Ins. Co. v. Syufy Enters.*, 69 Cal.App.4th 321, 81 Cal.Rptr.2d 557, 561 (Cal.Ct.App. 1999). This is true even when the term is used in an exclusionary provision and a

* Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

1. Subsequently, Nestle and Northbrook jointly filed a dismissal of Nestle's claims against Northbrook *with prejudice*.

broad interpretation results in limiting coverage. *Continental Cas. Co. v. City of Richmond,* 763 F.2d 1076, 1080 (9th Cir. 1985). An exclusion from suit arising out of trademark infringement "does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship." *Aloha Pacific, Inc. v. California Ins. Guarantee Ass'n,* 79 Cal.App.4th 297, 93 Cal.Rptr.2d 148, 162 (Cal.Ct.App.2000) (quoting *Acceptance Ins.,* 69 Cal.App.4th 321, 81 Cal. Rptr.2d 557). Because Nestle's claims all arise out of the factual situation that constituted a breach of contract, they are excluded from coverage.

We affirm the summary judgment.

AFFIRMED.