SOLAR SYSTEMS AND PERIPHERALS, INC., a Washington corporation, Plaintiff—Appellant,

v.

SOLARCOM HOLDINGS, a Georgia corporation, Defendant—Appellee.

No. 01–35278.

D.C. No. CV–99–1027–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 8, 2002.

Before REAVLEY,* TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Plaintiff–Appellant Solar Systems and Peripherals, Inc. ("Solar Systems") appeals an order of the district court grant-ing summary judgment in favor of Defendant–Appellee Solarcom Holdings, Inc. ("Solarcom") in Solar Systems' trademark infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm in part and reverse in part.

## STANDARD OF REVIEW

The district court's grant of summary judgment is subject to de novo review. *Entrepreneur Media, Inc. v. Smith,* 279 F.3d 1135, 1139–40 (9th Cir.2002). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* at 1140. " 'Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena.' " *Id.* (quoting *Interstellar Starship Servs., Ltd. v. Epix, Inc.,* 184 F.3d 1107, 1109 (9th Cir.1999), *cert. denied,* 528 U.S. 1155, 120 S.Ct. 1161, 145 L.Ed.2d 1073 (2000)).

## DISCUSSION

### I. Federal Claims

In order to establish a claim under the Lanham Act, 15 U.S.C. § 1125(a), the

---

* The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The district court dismissed Solarcom's cancellation counterclaims without prejudice, finding it more appropriate to allow state trademark agencies to address those claims. There is, however, no evidence of attempted manipulation of appellate jurisdiction, and the record indicates both the parties' and the district court's intent that the judgment be final and appealable. Accordingly, we conclude that the judgment entered by the dis-trict court is final and appealable. *See James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1070 (9th Cir.2002) (holding that, "when a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable"); *United Nat'l Ins. Co. v. R & D Latex Corp.,* 141 F.3d 916, 918 & n. 1 (9th Cir.1998) (holding the district court's judgment appealable where the prevailing party dismissed its remaining claim without prejudice in an effort to facilitate an appeal by the losing party and there was no evidence of manipulation of the appellate process).

plaintiff must prove "the existence of a trademark and the subsequent use of that mark by another in a manner likely to create consumer confusion." *Comedy III Prods., Inc. v. New Line Cinema,* 200 F.3d 593, 594 (9th Cir.2000). Solar Systems contends that the district court erred in finding both that Solar Systems did not own the "solar" mark and that there is no likelihood of confusion between Solar Systems and Solarcom.[2] We conclude that Solar Systems has not raised a genuine issue of material fact regarding its ownership of the "solar" mark, but that it has raised a genuine issue of material fact regarding the likelihood of confusion between its mark as a whole and Solarcom.[3]

## A. Ownership of Mark

All of the evidence submitted by Solar Systems to establish its use of the "solar" mark alone shows only very informal usage. There is no evidence of advertising, sales, or any printed or more formal usage of the term "solar" apart from the entire phrase "solar systems." We therefore agree with the district court that Solar Systems has failed to raise a genuine issue of material fact with respect to its ownership of the "solar" mark.

## B. Likelihood of Confusion

In determining the likelihood of confusion, we examine the eight, so-called, *Sleekcraft* factors: 1) the strength of the trademark, 2) the proximity or relatedness of the goods or services, 3) the similarity of the marks, 4) evidence of actual confusion, 5) the marketing channels used, 6)

the type of goods and the degree of care likely to be exercised by the consumer, 7) the defendant's intent in selecting the mark, and 8) the likelihood of expansion of the product lines. *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348 (9th Cir.1979). Solar Systems has presented evidence that needs to be weighed on at least four of the *Sleekcraft* factors-strength, relatedness of the goods or services, actual confusion, and likelihood of expansion.[4] We therefore reverse and remand for trial on the federal claim regarding likelihood of confusion. *See Interstellar,* 184 F.3d at 1110 (reversing the grant of summary judgment and remanding for trial because five of the *Sleekcraft* factors required the weighing of conflicting evidence, and "a court should not weigh evidence on a summary judgment motion").

### 1. Strength of the Mark

Marks that are strong, or distinctive, receive greater protection than weaker ones. *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1291 (9th Cir.1992). "Marks are often classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful." *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1047 (9th Cir. 1998). The district court found that Solar Systems' mark is suggestive, requiring some imagination to connect the mark to the service or product offered, and, therefore, "presumptively weak," relying on *Brookfield Communications, Inc. v. West*

---

2. Because the parties are familiar with the complex facts of this case, we do not recite them here, except as necessary to explain our reasoning.

3. Solarcom concedes that Solar Systems has service mark rights in the "solar systems" mark, but not in the "solar" mark alone.

4. Because we find these four factors dispositive, we find it unnecessary to discuss whether Solar Systems has presented sufficient evidence regarding the remaining factors.

*Coast Entm't Corp.*, 174 F.3d 1036, 1058 (9th Cir.1999).

The mark "solar systems" uses common words and has no relation to computers. Thus, rather than being a suggestive mark, which requires a consumer to "use imagination or any type of multistage reasoning to understand the mark's significance," Solar Systems' mark is more properly characterized as an arbitrary mark, which uses common words that "have no relevance to any feature or characteristic of a product."[5] *Kendall–Jackson*, 150 F.3d at 1047 n. 8; *Entrepreneur Media*, 279 F.3d at 1141 n. 2. Similar to *Dreamwerks Production Group, Inc. v. SKG Studio*, in which the court reasoned that the word "dream" is used in too many different ways to suggest any particular meaning to the reasonable consumer, the term "solar" or the phrase "solar system" does not suggest computers. *Dreamwerks Prod. Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1130 (9th Cir.1998). Rather, the use of this mark "uses common words in a fictitious and arbitrary manner to create a distinctive mark which identifies the source of the product." *Id.* at 1130 n. 7.

Solarcom argues that Solar Systems' mark is weak because it is in a "crowded field" of similar marks used by companies in the computer industry. Solar Systems contends, however, that none of the companies named by Solarcom is in the same industry as Solar Systems, pointing out that none sells Sun Microsystems products. Solar Systems' evidence is sufficient to raise a genuine issue of material fact regarding strength. Moreover, we have stated that, in determining the strength of a mark, "[f]requency of use ... is not the proper standard. Instead, we must consider the specific associations that the composite mark triggers in the minds of consumers when it is used to identify [the] services." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1218 (9th Cir. 1987). In sum, the district court erroneously characterized Solar Systems' mark as suggestive rather than arbitrary, and Solar Systems has presented evidence sufficient to raise a genuine issue of material fact regarding the strength of its mark.

### 2. Proximity or Relatedness of the Goods or Services

"Where goods are related or complementary, the danger of consumer confusion is heightened." *E. & J. Gallo*, 967 F.2d at 1291. Making the exact opposite argument that it made for purposes of the preceding factor, Solarcom next argues that being in the computer business does not mean that the two businesses are related, emphasizing the distinction between Solar Systems' brokerage of computer equipment and Solarcom's provision of "multi-platform technology solutions." A close proximity, however, is not necessarily required for goods to be found related. *Entrepreneur Media*, 279 F.3d at 1147; *see also Rodeo*, 812 F.2d at 1219 (stating that "[t]he competing services need not be identical to entitle the holder of the registered mark to protection"). Instead, we have usually found goods to be related where they are both in the same general industry. *See, e.g., Brookfield*, 174 F.3d at 1056 (finding the parties' products and services related because they both related to the entertainment industry generally and to movies specifically); *Dreamwerks*, 142 F.3d at 1128, 1131 (finding the goods relat-

---

5. Even if Solar Systems' mark were suggestive, suggestive marks are "strong enough to warrant trademark protection." *Brookfield*, 174 F.3d at 1058; *see also Official Airline Guides, Inc. v. Goss ("OAG")*, 6 F.3d 1385, 1390 (9th Cir.1993) (describing fanciful, arbitrary, and suggestive marks as inherently distinctive and therefore deserving of the greatest protection).

ed where the plaintiff's business was organizing Star Trek conventions and the defendant was a film studio that "participates more generally in the entertainment business"); *E. & J. Gallo*, 967 F.2d at 1291 (upholding the district court's finding that the defendant's product, cheese, was complementary to both the plaintiff's products, wine and salami, because they were frequently served together and were sold in the same deli cases in grocery stores); *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 832–33 (9th Cir.1991) (reversing summary judgment in favor of the defendant and finding potential consumer confusion because of "similarities between the services offered by the two companies," where the two parties, although not direct competitors, both provided financial services).

Solar Systems has presented evidence regarding companies that are customers of both Solar Systems and Solarcom, evidence regarding whether Solarcom and Atlantix are in fact two discrete companies, and a declaration about direct competition between the two companies.[6] Solarcom relies solely on the splitting of its business between Solarcom and Atlantix to argue that the two companies' businesses are not related. The district court, however, explicitly declined to give weight to the split and, accordingly, did not consider this fact.

This issue involves the weighing of evidence that is inappropriate for resolution on summary judgment. Moreover, as discussed above, the caselaw in general is quite generous when determining that parties' products and services are related.

### 3. Evidence of Actual Confusion

"Evidence of actual confusion is strong evidence that future confusion is likely, but the absence of such evidence is not dispositive." *OAG*, 6 F.3d at 1393 (citations omitted). Solar Systems has presented testimony and evidence of confusion, such as numerous instances of misdirected invoices, faxes, payments, e-mails, purchase orders, and deliveries of goods. Solarcom responds by pointing to testimony indicating that, despite the misdeliveries and other mistakes, the witnesses were not actually confused about whether the companies were affiliated. Again, weighing this evidence is a task that is more appropriate for a jury or other factfinder, not to be undertaken on appeal from a grant of summary judgment.

### 4. Likelihood of Expansion

The likelihood of confusion is greater if either party might expand its business to compete with the other. *Interstellar*, 184 F.3d at 1111; *OAG*, 6 F.3d at 1394. As evidence of likelihood of expansion, Solar Systems cites evidence, such as internal e-mails, discussions with potential partners, attempts to develop new products, and a new employee it hired. Solarcom argues that Jim Skay, the person Solar Systems allegedly hired to develop its solutions business, is actually a full-time college student who has no experience in the type of business Solarcom is in, and that the person actually was hired for a different purpose than Solar Systems now states. The evidence that Solarcom cites, however, re-

---

**6.** We reject Solarcom's arguments regarding the admissibility of the declaration. Federal Rule of Civil Procedure 56 "permits the use of affidavits in evaluating a motion for summary judgment." *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir.1992). Although the affidavits must set forth facts that would be admissible as evidence, Fed.R.Civ.P. 56(e), "[i]n or-

der to preserve a hearsay objection, a party must either move to strike the affidavit or otherwise lodge an objection with the district court." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir.2002) (citations omitted). Solarcom did neither. We note that Solarcom does not seem to dispute the truth of the declaration.

quires sifting through and weighing in order to determine whether Skay does have experience in the type of business Solarcom is in. Moreover, the fact that Skay is a full-time college student is irrelevant because he is also a full-time employee of Solar Systems.

## II. State Law Claims

We affirm the district court's grant of summary judgment in favor of Solarcom on Solar Systems' state law claims. Solar Systems contends that the evidence it has presented to support its federal trademark claim is sufficient to prevent the grant of summary judgment in favor of Solarcom on its claim under the Washington Consumer Protection Act, Wash. Rev.Code § 19.86.020, citing *Nordstrom, Inc. v. Tampourlos,* 107 Wash.2d 735, 733 P.2d 208 (Wash.1987) (en banc). The Supreme Court of Washington, however, has since clarified that *Nordstrom* did not hold that trademark infringement necessarily establishes a violation of the Consumer Protection Act, but only that a violation was established in that case. *See Seattle Endeavors, Inc. v. Mastro,* 123 Wash.2d 339, 868 P.2d 120, 127 (Wash.1994) (en banc). Solar Systems' claim fails because the evidence it has presented does not establish that a substantial portion of the public was at risk of being deceived by Solarcom's name change. *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP,* 110 Wash.App. 412, 40 P.3d 1206, 1220 (Wash. Ct.App.2002). Solar Systems' dilution claim also fails because it has presented no evidence on the inherent value of its mark as a symbol, nor on any damage to such value. *See Toho Co. v. Sears, Roebuck & Co.,* 645 F.2d 788, 793 (9th Cir.1981) (stating that the focus of dilution claims is "on damage to the mark's inherent value as a symbol, rather than on whether consumers have been misled as to origin or sponsorship").

## CONCLUSION

Solar Systems has presented evidence that needs to be weighed on at least four of the *Sleekcraft* factors. However, Solar Systems has not presented evidence to foreclose a grant of summary judgment on its claim of ownership of the "solar" mark standing alone and on its state law claims. We therefore reverse the district court's grant of summary judgment on the federal claim of likelihood of confusion and affirm the grant of summary judgment on the claim regarding ownership of the "solar" mark alone and on the state law claims.[7] Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**

---

7. Solarcom argues that Solar Systems' infringement claim is moot because of Solarcom's spin-off of its wholesale division into Atlantis, and that Solar Systems is not entitled to damages or attorney's fees. The district court, however, specifically declined to address the split into Solarcom and Atlantix, as well as the issue of damages and attorney's fees. We decline to address these issues because they were not decided by the district court. *See Vision Air Flight Serv., Inc. v. M/V Nat'l Pride,* 155 F.3d 1165, 1168 n. 2 (9th Cir.1998).