STEWART TITLE OF CALIFORNIA, INC., a California corporation, Plaintiff—Appellant,

v.

FIDELITY NATIONAL TITLE COMPANY, a California corporation, Fidelity National Title Company of California, a California corporation; Fidelity Nat'l Title Insurance Company, a California corporation, Defendants—Appellees.

Stewart Title of California, Inc., a California corporation, Plaintiff—Appellant,

v.

Fidelity National Title Company, a California corporation, Fidelity National Title Company of California, a California corporation; Fidelity Nat'l Title Insurance Company, a California corporation, Defendants—Appellees.

Nos. 06–55955, 06–56653.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 19, 2008.

by 9th Cir. R. 36–3.

Ryan C. Squire, Zareh J. Sinanyan, Esq., Garrett & Tully, Pasadena, CA, for Plaintiff–Appellant.

Oscar S. Cisneros, Esq., Nabil Abu–Assal, Esq., Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: W. FLETCHER and GOULD, Circuit Judges, and POLLAK *, Senior District Judge.

## MEMORANDUM **

Stewart Title of California ("Stewart") appeals the district court's grant of Fidelity National Title's ("Fidelity") motions for summary judgment and judgment on the pleadings, as well as the district court's denial of Stewart's motion for partial summary judgment. We review each of these orders de novo. *See White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir.2007); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir.2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.[1]

Pursuant to the Copyright Act, the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). To prevail in its copyright infringement action, Stewart must establish that it owned a

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

valid copyright in the 2003 contract and that Fidelity infringed it. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir. 1997).

The 2003 forms are based largely on the 1998 forms that were initially owned by the now-disbanded Southern Counties Escrow ("SCE"). A threshold inquiry to Stewart's copyright action is whether Stewart obtained a valid assignment of SCE's copyright in the 1998 forms. The Copyright Act provides that "a transfer of copyright ownership ... is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a). This requirement can be satisfied by an oral assignment later confirmed in writing. *See, e.g., Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1428 (9th Cir.1996) ("[U]nder some circumstances a prior oral grant that is confirmed by a later writing becomes valid as of the time of the oral grant, even if the writing is subsequent to the initiation of litigation on the copyright infringement.").

█ The parties dispute whether Stewart has adequately proven the requisite written confirmation of a prior oral assignment, as well as whether Fidelity has standing to challenge the assignment. The district court did not adequately resolve either issue. We therefore vacate both the district court's grant of summary judgment to Fidelity and its denial of summary judgment to Stewart, and we remand to allow sufficient time for discovery by both parties, including, as appropriate, discovery of written evidence of assignment of any relevant earlier copyrights.[2]

We affirm the district court's grant of judgment on the pleadings as to each of Stewart's state law claims, with the exception of its misappropriation claim under California law.[3] The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright...." 17 U.S.C. § 301(a). "The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display." *Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079, 1089 (9th Cir.2005) (citation omitted). We review de novo the district court's determination of whether copyright preemption applies. *Id.* "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." *Id.* (quoting *Summit Mach. Tool Mfg. v. Victor CNC Sys.,* 7 F.3d 1434, 1440 (9th Cir. 1993)).

█ Stewart's California law misappropriation claim includes an "extra element" because it encompasses protection against

---

2. We do not reach the issues concerning whether the forms are copyrightable (*e.g.,* whether the forms are sufficiently original, whether they are subject to the merger and *scenes a faire* doctrines, and whether they are not protectable as processes, procedures, and methods of operation), whether Stewart granted Patriot Homes an implied license, whether Stewart committed fraud on the Copyright Office, or whether Stewart has a valid copyright in its 2003 forms as derivative works. Nor do we decide at this time whether, or to what degree, a stranger to a copyright assignment may challenge the validity of

an assignment. *See Imperial Residential Design v. Palms Dev. Group,* 70 F.3d 96 (11th Cir.1995); *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.,* 697 F.2d 27 (2d Cir.1982). We leave it to the district court to decide those questions in the first instance, if the district court concludes that the questions are ones that should be addressed.

3. Stewart does not appear to contest the propriety of judgment on the pleadings with respect to its state law claims based upon theories other than misappropriation.

improper *use*, thereby making the rights protected qualitatively different from those afforded in the Copyright Act.[4] *See Altera Corp.*, 424 F.3d at 1089–90 (concluding that "[a] state law tort claim concerning the unauthorized use of the software's end-product is not within the rights protected by the federal Copyright Act[.]"). We vacate the district court's grant of judgment on the pleadings with respect to Stewart's misappropriation claim and remand for further proceedings on that claim.

Finally, we vacate the award of attorneys fees and costs to Fidelity. The Copyright Act allows for recovery of attorney's fees to the prevailing party. *See* 17 U.S.C. § 505; *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir.1996) (listing factors to consider in awarding fees). Awarding fees and costs to either party is premature in light of our disposition. We remand with instructions that the Clerk of the Court for the Central District of California reassign this case to a different judge.[5]

Each party shall bear its own costs on this appeal.

**AFFIRMED in part, VACATED in part, and REMANDED with direction that the case be reassigned to a different judge.**

---

4.  "The elements of a claim for misappropriation under California law consist of the following: (a) the plaintiff invested substantial time, skill or money in developing its property; (b) the defendant appropriated and used the plaintiff's property at little or no cost to the defendant; (c) the defendant's appropriation and use of the plaintiff's property was without the authorization or consent of the plaintiff; and (d) the plaintiff can establish that it has been injured by the defendant's conduct." *United States Golf Ass'n v. Arroyo Software Corp.*, 69 Cal.App.4th 607, 618, 81 Cal.Rptr.2d 708 (1999).

5.  Although the parties do not question the district judge's ability to remain impartial on remand, we believe that reassignment in the interest of the appearance of fairness to the parties is warranted, particularly in light of the district judge's failure to articulate any reasoning behind his decisions and the extremely truncated discovery period. *See* 28 U.S.C. § 2106; *United Nat'l Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 920 (9th Cir.1998) (quoting *California v. Montrose Chem. Corp.*, 104 F.3d 1507, 1521 (9th Cir.1997)).

