**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JESSE SCOTT, Reverend, | No. 09-15576 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01185-PMP-GWF |
| v. | |
| KATHLEEN SEBELIUS,[*] Secretary of the United States Department of Health and Human Services, | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted May 12, 2010[***]
San Francisco, California

Before: SILVERMAN, FISHER, and M. SMITH, Circuit Judges.

---

  [*]    Kathleen Sebelius is substituted for her predecessor, Michael O. Leavitt, as Secretary of the Department of Health and Human Services, pursuant to Fed. R. App. P. 43(c)(2).

  [**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Jesse D. Scott filed a complaint in the U.S. District Court for the District of Nevada against the Secretary of Health and Human Services (Secretary-HHS), seeking judicial review of an administrative decision denying Scott coverage under his Medicare Advantage plan for medical costs he incurred while being treated at a Nevada medical center. The District Court granted the Secretary-HHS's motion to dismiss for failure to effectuate proper service in accordance with Rule 4 of the Federal Rules of Civil Procedure and for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

We review a district court's dismissal pursuant to Rule 4 for abuse of discretion. *See In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001). To conduct such a review, however, we must have the ability to discern how the district court exercised its discretion. In the present case, the District Court dismissed Scott's complaint in summary fashion, without providing any explanation of the bases for its decision. As a result, we are unable to properly fulfill our judicial duty as an appellate court. *See United Nat'l Ins. Co. v. R & D Latex Corp*., 141 F.3d 916, 919 (9th Cir. 1998) ("[M]eaningful appellate review for abuse of discretion is foreclosed when the district court fails to articulate its reasoning.").

We note that there may be merit to Scott's claims.  We have held that service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks omitted).  We have articulated several factors that a court may consider in deciding whether to exercise its discretion, including "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (holding relief was appropriate under Rule 4(m) in light of the plaintiffs being time-barred from re-filing their action).  We are also aware that a district court's discretion to either grant an extension of time in which to effect service, or to dismiss an action entirely for failure to effect service in accordance with Rule 4, is broad.  *In re Sheehan*, 253 F.3d at 513.  Nevertheless, because the District Court did not articulate its reasons for granting the Secretary-HHS's motion and dismissing Scott's complaint, we cannot determine on this record whether its decision constituted an abuse of discretion.

Accordingly, we reverse the District Court's order granting the Secretary-HHS's motion and dismissing Scott's complaint.  On remand, the District Court

3

should reconsider its order and provide an adequate explanation of the reasons

supporting its decision. We retain jurisdiction of this appeal.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

4