**DISCON, INC., Plaintiff–Appellant,**

**George J. Navagh, Esq.; Scott J. Rafferty, Esq., Appellants,**

**v.**

**NYNEX CORPORATION; NYNEX Material Enterprises; New York Telephone Company; Robert J. Eckenrode; Bernard O'Reilly, Defendants–Appellees,**

**Guy Miller Struve, Esq., Appellee.**

**No. 1846, Docket 93–7317.**

United States Court of Appeals, Second Circuit.

Argued June 25, 1993.

Decided Aug. 26, 1993.

Brian P. Fitzgerald, Buffalo, NY, for appellants.

Guy Miller Struve, New York City (Davis, Polk & Wardwell, New York City, of counsel), for appellees.

Before: NEWMAN, Chief Judge, and PRATT, Circuit Judge.*

GEORGE C. PRATT, Circuit Judge:

## BACKGROUND

Discon, Inc. ("Discon") filed a complaint alleging that the defendants NYNEX Corporation, NYNEX Material Enterprises, New York Telephone Company, Robert J. Eckenrode, and Bernard O'Reilly ("NYNEX") had combined and conspired to monopolize the market for removal services for central office telephone equipment. Discon's complaint alleged sixteen causes of action under the federal antitrust laws, RICO, and New York State statutory and common law. Appellant George J. Navagh, Esq., appeared as counsel of record for Discon.

NYNEX moved to dismiss the complaint for failure to state a claim. Eleven days before the scheduled oral argument of the motion to dismiss, Navagh filed an affidavit

requesting that appellant Scott J. Rafferty, Esq., be admitted *pro hac vice* to represent Discon. NYNEX opposed the application for Rafferty's admission on the ground that other courts in which he had litigated had made adverse findings as to his conduct and his tendency to misstate both law and fact.

The district court "adjourned generally" Rafferty's application for admission *pro hac vice* and denied Discon's request to adjourn the oral argument. The court also ordered that *if* Rafferty applied for full admission to the bar of the court under Local Rule 3 he should state in his verified petition for admission that a contested motion for his admission *pro hac vice* was pending, and he should deliver a copy of his verified petition to the court's chambers.

Later, the court granted NYNEX's motion to dismiss, but without prejudice, and Discon was granted leave to file an amended complaint. When Discon filed its amended complaint, NYNEX again moved to dismiss. By letter Navagh reminded the court that over a year earlier it had adjourned Rafferty's application to appear *pro hac vice;* Navagh suggested that granting Rafferty's application "on an early day" would enable Rafferty "to prepare for [NYNEX's] argument." The court scheduled oral argument on Rafferty's application. After testimony by Rafferty regarding the charges about his character and alleged misconduct in other courts, and after argument, the court, on the following day, rendered a decision from the bench denying Rafferty's motion for *pro hac vice* admission.

Discon moved for reconsideration of this denial, and sought sanctions against Struve for alleged perjury and misrepresentations in affidavits opposing the *pro hac vice* application. NYNEX filed a memorandum of law in opposition to the motion for reconsideration and, in a footnote, suggested that the court "might appropriately consider sanctioning Mr. Rafferty and plaintiff's counsel for the bringing of a patently baseless and improper motion for reconsideration."

On April 1, 1993, the court filed the decision and order that is now before us on review. The court denied the motion for

_____

* Judge Van Graafeiland, originally a member of the panel, recused himself prior to argument.

reconsideration on the ground that it was without merit. It also denied the motion to sanction Struve. However, the court imposed sanctions upon Rafferty and Navagh for violating Fed.R.Civ.P. 11 in their motion to reconsider. The court stated that the motion contained "so many misrepresentations, falsehoods and inaccuracies" that it would not address them all, but that it would only "highlight a few of the distortions" that warranted the imposition of Rule 11 sanctions. The court then described five specific alleged misrepresentations.

The court ordered Rafferty to pay a fine of $2,500 and Navagh to pay $500. It further directed Navagh and Rafferty to share equally in paying the attorneys' fees and costs of NYNEX's counsel expended in opposing the motion to reconsider. At the time of oral argument before this court, the amount of attorney's fees was yet to be determined by the district court on the basis of affidavits filed by NYNEX and opposing affidavits filed by Rafferty and Navagh.

The court also ordered that Discon, itself, "pay no part of the sanction" imposed on its attorneys, because "it was not responsible for the sanctioned conduct." Moreover, the court stayed the underlying action "pending payment of the fines and attorneys' fees herein imposed on Messrs. Rafferty and Navagh" and directed the clerk of the court "not to accept additional papers from [Discon] for filing (except for affidavits relating to attorneys' fees)."

By a single notice of appeal Rafferty and Navagh have appealed from the sanctions imposed on them and from the denial of sanctions against Struve, and Discon has appealed from the order directing the clerk not to accept additional papers for filing.

Before we confront the merits of the problems raised by this unusual order, we must first consider whether we have jurisdiction over this appeal.

## DISCUSSION

■ Essentially we have two appeals before us, one by the attorneys, the other by the client, Discon. As to the attorneys' appeal, the district court not only fined the two

attorneys $2,500 and $500, respectively; it also ordered them jointly to pay NYNEX's attorneys' fees and costs in an amount that is yet to be determined. While as a final collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), a sanction award may be appealed separately from the merits of the underlying action, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 685–87 (2d Cir.1989), *cert. denied sub nom. Greenspan, Jaffe & Rosenblatt v. Sara Lee Corp.*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990), when the amount of the sanction has not yet been reduced to a sum certain, we lack jurisdiction to review the sanction. *Cooper v. Salomon Brothers Inc.*, 1 F.3d 82 (2d Cir.1993).

Reliance by Rafferty and Navagh on *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), as authority for appellate jurisdiction is misplaced. *Budinich* held that "a decision *on the merits* is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Id.* at 202–03, 108 S.Ct. at 1722 (emphasis added). Here there has been no decision on the merits, only an award of sanctions against the attorneys. Even if we were to extend *Budinich* from the attorneys' fee context to a sanction context and then to apply its reasoning in reverse so as to permit the sanction to be appealed before the merits appeal, we still would not have an appealable order, because the amount of the sanction against the attorney has not been determined and for that reason the order is not yet final for purposes of the *Cohen* doctrine.

■ Were we to entertain the attorneys' appeal at this time and affirm, we would undoubtedly be soon faced with another appeal challenging the amount of fees determined by the district court. Just as a determination of liability in a contract or negligence case is not final until the damages have been determined, *see, e.g., In re Martin–Trigona*, 763 F.2d 135, 138 (2d Cir.1985) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976)); 16 Charles A. Wright et al.,

*Federal Practice and Procedure* § 4009, at 576 (1977) ("an order that determines liability but leaves damages to be calculated is not final"), so a sanction order that leaves the amount of the sanction for later determination is not final and, therefore, not appealable under § 1291. *Cooper,* 1 F.3d at 84–85.

Nor is appealability of the sanction order settled by *Synergy Gas Co. v. Sasso,* 853 F.2d 59 (2d Cir.), *cert. denied,* 488 U.S. 994, 109 S.Ct. 559, 102 L.Ed.2d 585 (1988). We there followed *Budinich* to entertain an appeal of a merits ruling even though attorneys' fees had not been determined. Once satisfied of our appellate jurisdiction, we went on to adjudicate the propriety of liability for attorneys' fees even though the amount of the fees had not been determined. No issue was raised as to whether liability for the fees should have been considered at that point. Doing so was at most an exercise of pendent appellate jurisdiction.

■ As to the appeal by the client, Discon, a different problem is presented. The district court found that there is "no evidence that plaintiff [Discon] is at all culpable for the sanctioned conduct." Nevertheless the court stayed all proceedings in Discon's action and directed the clerk "not to accept additional papers from plaintiff for filing" until the attorneys paid the sanctions levied against them personally. In effect, Discon's action has been frozen indefinitely, and perhaps permanently if either attorney fails or is unable to pay the sanction. Thus, prosecution of Discon's claim has been enjoined, for reasons having nothing to do with the merits of its claim. The court's order as to Discon, therefore, is appealable as a collateral order under *Cohen.*

■ In *Cohen,* the Supreme Court articulated the "collateral order" doctrine. It applies to a "small class" of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action," and which are "too important and too independent of the cause itself to be denied immediate review." *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225–26. These collateral orders may be appealed under § 1291 before final judgment is entered. *Id.* The collateral order doctrine is a narrow exception to the finality rule and permits an appellate court to review immediately a district court order affecting rights that will be irretrievably lost in the absence of an immediate appeal. *United States v. Esposito,* 970 F.2d 1156, 1159 (2d Cir.1992).

■ The Supreme Court has developed a tripartite test to determine whether an order falls under the collateral order exception to § 1291. For appellate jurisdiction to exist, the order must: (1) " 'conclusively determine the disputed question,' " (2) " 'resolve an important issue completely separate from the merits of the action,' " and (3) " 'be effectively unreviewable on appeal from a final judgment.' " *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

Particularly pertinent here is *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 11, 103 S.Ct. 927, 934, 74 L.Ed.2d 765 (1983), in which the district court's order, granting a stay of litigation pending resolution of a concurrent state-court suit, was found to meet each of the three collateral order requirements so as to be appealable. Since the state court's judgment on the issue would have been *res judicata* and would have precluded the plaintiff from litigating the claim in federal court, the plaintiff was " 'effectively out of court' " and therefore the "stay order amount[ed] to a dismissal of the suit." *Id.* at 10, 103 S.Ct. at 933–34. The Court distinguished the stay order "surrender[ing] jurisdiction of a federal suit to a state court" from the general rule that a stay is not usually appealable, by noting the difference between situations in which the plaintiff *"may choose* not to proceed" and those, as in the *Moses H. Cone* case, "in which the district court *refuses* to *allow* the plaintiff to litigate his claim in federal court." *Id.* at 11 n. 11, 103 S.Ct. at 934 n. 11. In *Moses H. Cone* there was "no step towards final judgment, but a refusal to proceed at all." *Id.* at 12 n. 13, 103 S.Ct. at 935 n. 13.

In the present action there is a real possibility that the court will have "surrendered

jurisdiction over a federal lawsuit," if Rafferty and Navagh should refuse to pay the sanctions. But Discon would have made no choice; it would simply be forced out of federal court. The court's stay order is not a step towards final judgment but is a refusal to proceed and leaves Discon at the mercy of its sanctioned counsel. Moreover, if the stay and directions against filing papers remain, there never would be a final judgment in the action so the court's order could never effectively be reviewed.

On the merits of Discon's appeal, there can be no justification for the district court's order. Entered without notice, the order subordinates Discon's litigation rights to conduct of third parties over whom Discon has little or no control. The order stays all proceedings until the sanctions are paid; it prohibits Discon from paying the sanctions; it provides no opportunity for Discon to obtain new attorneys; and by its terms the order prevents Discon from even filing a form of substitution of counsel. Worst of all, the order deprives Discon of its right to litigate its claim despite the court's own finding that Discon had no culpability in the events that the court had under consideration.

 While in some cases it might be appropriate to stay proceedings until a party's attorney complies with an order of the court, it is never permissible to stay an action pending compliance by an attorney when the client is innocent of any misconduct and is deprived by the order of the right to obtain new counsel. We therefore vacate the stay entered by the court and its accompanying direction to the clerk not to accept any further papers from Discon until the sanction against its attorneys has been paid.

While we have not determined the merits of the attorneys' appeal, because we lack appellate jurisdiction over the sanction which is not yet final, we do suggest that the district court may wish to reconsider the basis for that sanction order. In imposing sanctions the court highlighted "a few of the distortions" that it thought had been made by Rafferty and Navagh. At least two of the five "distortions" discussed seem to be less than compelling. The language of Local

Rule 21 does not seem to support the court's interpretation of the rule, and nowhere in the record before us did the district court direct Rafferty to file a verified petition. It merely ordered that *if* Rafferty should seek full admission to the Western District, he must mention his pending *pro hac vice* application and file a copy of his petition with Judge Arcara's chambers. Whether or not reconsideration of the basis for its sanction would prompt the district court to vacate or amend its order is a matter for the district court to decide, subject of course to appellate review for abuse of discretion after the sanction order becomes final.

## CONCLUSION

The appeal by Rafferty and Navagh is dismissed. On Discon's appeal, we vacate the last paragraph of the court's order dated April 1, 1993.