**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BLUE CROSS AND BLUE SHIELD OF
ALABAMA; BLUE CROSS AND BLUE
SHIELD OF MASSACHUSETTS, INC.;
BLUE CROSS AND BLUE SHIELD OF
MICHIGAN; BLUE CROSS AND BLUE
SHIELD OF NEBRASKA; BLUE
CROSS AND BLUE SHIELD OF NORTH
CAROLINA; BLUE CROSS AND BLUE
SHIELD OF TENNESSEE, INC.;
CAREFIRST BLUE CROSS AND BLUE
SHIELD; EMPIRE HEALTHCHOICE
ASSURANCE, INC., d/b/a EMPIRE
BLUE CROSS BLUE SHIELD;
EXCELLUS HEALTH PLAN, INC., d/b/a
EXCELLUS BLUE CROSS BLUE
SHIELD; R.M.S.C.O., INC.;
HIGHMARK, INC., d/b/a HIGHMARK
BLUE CROSS BLUE SHIELD and d/b/a
HIGHMARK BLUE SHIELD; PREMERA
BLUE CROSS; REGENCE BLUE
SHIELD; REGENCE BLUECROSS
BLUESHIELD OF UTAH; REGENCE
BLUECROSS BLUESHIELD OF OREGON;
REGENCE BLUESHIELD OF IDAHO,
            *Plaintiffs-Appellants,*

                    v.

No. 05-56261

D.C. No.
CV-05-00230-TJH

UNITY OUTPATIENT SURGERY
CENTER, INC.,

*Defendant,*

and

MITCHELL RUBIN; STEVEN RUBIN;
DANIEL ROSE, M.D.; MARIO Z.
ROSENBERG, M.D.; PARATHA
GOVINDARAJAN, M.D.; ROSALINDA
LANDON; LEON HALAC, M.D.;
BYUNG CHUN, M.D.; ROBERT J.
McKENNA, M.D.; ARDALAN
BABAKNIA, M.D.; MOUSTAFA EL
ALAMY, M.D.; MICHAEL CHAN,
M.D.; BHARAT PATEL, M.D.;
EDGAR LLUNCOR, M.D.; LAN THI
NGOC NGUYEN; HUONG THIEN NGO,

*Defendants-Appellees.*

BLUE CROSS AND BLUE SHIELD OF ALABAMA; BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.; BLUE CROSS AND BLUE SHIELD OF MICHIGAN; BLUE CROSS AND BLUE SHIELD OF NEBRASKA; BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA; BLUE CROSS AND BLUE SHIELD OF TENNESSEE, INC.; CAREFIRST BLUE CROSS AND BLUE SHIELD; EMPIRE HEALTHCHOICE ASSURANCE, INC., d/b/a EMPIRE BLUE CROSS BLUE SHIELD; EXCELLUS HEALTH PLAN, INC., d/b/a EXCELLUS BLUE CROSS BLUE SHIELD; R.M.S.C.O., INC.; HIGHMARK, INC., d/b/a HIGHMARK BLUE CROSS BLUE SHIELD and d/b/a HIGHMARK BLUE SHIELD; PREMERA BLUE CROSS; REGENCE BLUE SHIELD; REGENCE BLUECROSS BLUESHIELD OF UTAH; REGENCE BLUECROSS BLUESHIELD OF OREGON; REGENCE BLUESHIELD OF IDAHO,
*Plaintiffs-Appellants,*

v.

UNITY OUTPATIENT SURGERY CENTER, INC.; UNITY OUTPATIENT SURGERY CENTER, LLC; MILLENNIUM OUTPATIENT SURGERY CENTER, a

No. 06-55316
D.C. No.
CV-05-00230-TJH

Medical corporation; ST. PAUL
OUTPATIENT SURGERY CENTER,
LLC; TAM VU PHAM, a/k/a TOM
VU; ROSALINDA LANDON; ANDREW
HARNEN; THU NGOC PHAM; a/k/a
PERRY PHAM; MADHUKAR JIGJINNI,
MD; CHIN KIM, MD; MARTHA
MADRID, MD; AMER RAYYES, MD,
            *Defendants-Appellees,*

                and

ANAHEIM WEST OUTPATIENT
SURGERY CENTER, INC.; LINCOLN
MANAGEMENT GROUP, LLC; ST.
FRANCIS OUTPATIENT MEDICAL
CENTER, INC.; INLAND ORANGE
MEDICAL MANAGEMENT, INC.;
NEWPORT SUPERIOR OUTPATIENT
MEDICAL CENTER, INC.; NEWPORT
SUPERIOR MANAGEMENT GROUP,
LLC; HARBOR MULTI-SPECIALTY
SURGICAL CENTER, INC.; PACIFIC
OUTPATIENT MEDICAL CENTER, a
Medical corporation; PACIFIC
OUTPATIENT MEDICAL MANAGEMENT
GROUP, LLC; PREMIUM OUTPATIENT
SURGERY CENTER, a Medical
corporation; HUONG THIEN NGO;
LAN THI NGOC NGUYEN; GORDON
MERRICK; DEE FRANCIS; DANIEL
ROMANELLO; OCHER COUNTY
CLINICS, INC.; MITCHELL RUBIN;

STEVEN RUBIN; CATHERINE BACH;
MICHAEL SCHNEIDER; ARDALAN
BABAKNIA, MD; MICHAEL D. CHAN,
MD; BYUNG CHUN, MD; MOUSTAFA
EL ALAMY, MD; PARATHA
GOVINDARAJAN, MD; LEON HALAC,
MD; LARS HANSON, MD; WILLIAM
HAMPTON, MD; EDGAR LLUNCOR,
MD; ROBERT J. MCKENNA, MD;
BHARAT PATEL, MD; DANIEL ROSE,
MD; MARIO Z. ROSENBERG, MD;
HAMILTON SAH, MD; YOUN S. TOH,
MD; LLOYD WHITE, MD,
                              *Defendants.*

BLUE CROSS AND BLUE SHIELD OF
ALABAMA; BLUE CROSS AND BLUE
SHIELD OF MASSACHUSETTS, INC.;
BLUE CROSS AND BLUE SHIELD OF
MICHIGAN; BLUE CROSS AND BLUE
SHIELD OF NEBRASKA; BLUE
CROSS AND BLUE SHIELD OF NORTH
CAROLINA; BLUE CROSS AND BLUE
SHIELD OF TENNESSEE, INC.;
CAREFIRST BLUE CROSS AND BLUE
SHIELD; EMPIRE HEALTHCHOICE
ASSURANCE, INC., d/b/a EMPIRE
BLUE CROSS BLUE SHIELD;
EXCELLUS HEALTH PLAN, INC., d/b/a
EXCELLUS BLUE CROSS BLUE
SHIELD; R.M.S.C.O., INC.;

No. 06-55565

D.C. No.
CV-05-00230-TJH

HIGHMARK, INC., d/b/a HIGHMARK
BLUE CROSS BLUE SHIELD and d/b/a
HIGHMARK BLUE SHIELD; PREMERA
BLUE CROSS; REGENCE BLUE
SHIELD; REGENCE BLUECROSS
BLUESHIELD OF UTAH; REGENCE
BLUECROSS BLUESHIELD OF OREGON;
REGENCE BLUESHIELD OF IDAHO,
                    *Plaintiffs-Appellants,*

                    v.

UNITY OUTPATIENT SURGERY
CENTER, INC.; UNITY OUTPATIENT
SURGERY CENTER, LLC;
MILLENNIUM OUTPATIENT SURGERY
CENTER, a Medical corporation; ST.
PAUL OUTPATIENT SURGERY CENTER,
LLC; TAM VU PHAM, a/k/a TOM
VU; ROSALINDA LANDON; ANDREW
HARNEN; THU NGOC PHAM, a/k/a
PERRY PHAM; MADHUKAR JIGJINNI,
MD; CHIN KIM, MD; MARTHA
MADRID, MD; AMER RAYYES, MD;
LINCOLN MANAGEMENT GROUP,
LLC; INLAND ORANGE MEDICAL
MANAGEMENT, INC.; NEWPORT
SUPERIOR OUTPATIENT MEDICAL
CENTER, INC.; NEWPORT SUPERIOR
MANAGEMENT GROUP, LLC; PACIFIC
OUTPATIENT MEDICAL CENTER, a

Medical corporation; PACIFIC OUTPATIENT MEDICAL MANAGEMENT GROUP, LLC; PREMIUM OUTPATIENT SURGERY CENTER, a Medical corporation; HUONG THIEN NGO; LAN THI NGOC NGUYEN; GORDON MERRICK; DEE FRANCIS; DANIEL ROMANELLO; MITCHELL RUBIN; STEVEN RUBIN; CATHERINE BACH; MICHAEL SCHNEIDER; ARDALAN BABAKNIA, MD; MICHAEL D. CHAN, MD; BYUNG CHUN, MD; MOUSTAFA EL ALAMY, MD; PARATHA GOVINDARAJAN, MD; LEON HALAC, MD; LARS HANSON, MD; WILLIAM HAMPTON, MD; EDGAR LLUNCOR, MD; ROBERT J. MCKENNA, MD; BHARAT PATEL, MD; DANIEL ROSE, MD; MARIO Z. ROSENBERG, MD; HAMILTON SAH, MD; YOUN S. TOH, MD; LLOYD WHITE, MD,

*Defendants,*

and

ANAHEIM WEST OUTPATIENT SURGERY CENTER, INC.; ST. FRANCIS OUTPATIENT MEDICAL CENTER, INC.; HARBOR MULTI-SPECIALTY SURGICAL CENTER, INC.; OCHER COUNTY CLINICS, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Chief District Judge, Presiding

BLUE CROSS/BLUE SHIELD OF
ALABAMA, BLUE CROSS AND BLUE
SHIELD OF MASSACHUSETTS, INC;
BLUE CROSS AND BLUE SHIELD OF
MICHIGAN; BLUE CROSS AND BLUE
SHIELD OF NEBRASKA; BLUE
CROSS AND BLUE SHIELD OF NORTH
CAROLINA; BLUE CROSS BLUE
SHIELD OF TENNESSEE, INC.;
CAREFIRST BLUE CROSS AND BLUE
SHIELD; EMPIRE HEALTHCHOICE
ASSURANCE, INC., dba EMPIRE BLUE
CROSS BLUE SHIELD; EXCELLUS
HEALTH PLAN, INC. dba EXCELLUS
BLUE CROSS BLUE SHIELD;
R.M.S.C.O., INC.; HIGHMARK INC.,
dba HIGHMARK BLUE CROSS BLUE
SHIELD AND dba HIGHMARK BLUE
SHIELD; PREMERA BLUE CROSS;
REGENCE BLUE CROSS
BLUESHIELD OF UTAH; REGENCE;
BLUE CROSS BLUESHIELD OF
OREGON AND REGENCE
BLUESHIELD OF IDAHO,
                              *Petitioners,*

                v.

No. 06-71645

D.C. No.
CV-05-00230-TJH/
VBK

OPINION

United States District Court for the Central District of California,
                    *Respondent,*

Unity Outpatient Surgery Center, Inc., Unity Outpatient Surgery Center, LLC; St. Paul Outpatient Surgery Center, LLC; Millennium Outpatient Surgery Center, A Medical Corporation; Tam Vu Pham, aka Tom Vu; Huong Thien Nto; Lan Thi Ngoc Nguyen; Andrew Harnen; Rosalinda Landon; Mitchell Rubin, Steven Rubin; Thu Ngoc Pham, aka Perry Pham; Ardalan Babaknia, M.D.; Michael Chan, M.D.; Byung Chun, M.D.; Moustafa El Alamy, M.D.; Paratha Govindarajan, M.D.; Leon Halac, M.D.; Madhukar Jigjinni, M.D.; Chin Kim, M.D.; Edgar Lluncor, M.D.; Martha Madrid, M.D.; Bharat Patel; Amer Rayyes, M.D.; Daniel Rose, M.D.; Mario Z. Rosenberg, M.D.,
                    *Real Parties in Interest.*

Petition for Writ Of Mandamus

Argued and Submitted
November 13, 2006—Pasadena, California

Filed May 25, 2007

Before: Stephen Reinhardt and Jay S. Bybee, Circuit Judges, and Larry A. Burns,* District Judge.

Opinion by Judge Reinhardt

---

*The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

**COUNSEL**

Howard Veisz and Marvin Wexler, Kornstein Veisz Wexler & Pollard, LLP, New York, New York, for the plaintiff-appellant.

Peter Morris, Altman & Morris, Los Angeles, California, for defendants-appellees Mario Z. Rosenberg, M.D. and Madhukar Jigjinni, M.D.

Mark Gregory Clinnin, Law Offices of Mark Gregory Clinnin, Los Angeles, California, for defendant-appellee Thu Ngoc Pham.

Jennifer J. Miller, Beam Brobeck West Borges & Rosa, LLP, Santa Ana, California, for defendant-appellee Amer Rayyes, M.D.

Alexander W. Kirkpatrick, Bondcurtis, LLP, Pasadena, California, for defendant-appellee Edgar Lluncor, M.D.

Paul M. Gelb, Hooper Lundy & Bookman, Inc., Los Angeles, California, for defendant-appellee Robert J. McKenna, M.D.

Andrea L. Jacobs, Law Office of David W. Wiechert, San Clemente, California, for defendant-appellee Huong Thien Ngo.

Harold Sullivan, Law Offices of Harold Sullivan, Pasadena, California, for defendant-appellee Millennium Outpatient Surgery Center.

Dennis E. Lee, Fenton & Nelson, Los Angeles, California, for defendants-appellees Moustafa El Alamy, M.D., Michael Chan, M.D., and Unity Outpatient Surgery Medical Center, Inc.

Joel Bruce Douglas and Keith Mitchell Rozanski, Bonne Bridges Mueller O'Keefe & Nichols, Los Angeles, California, for defendant-appellee Byung Chun, M.D.

Raymond J. McMahon and Marc B. Thompson, Bonne Bridges Mueller O'Keefe & Nichols, Santa Ana, California, for defendant-appellee Chin Kim, M.D.

Margaret M. Holm, Bonne Bridges Mueller O'Keefe & Nichols, Santa Ana, California, for defendant-appellee Ardalan Babaknia, M.D.

R. Timothy Stone, Green & Associates, Los Angeles, California, for defendants-appellees Mitchell Rubin, Steven Rubin and Daniel Rose.

## OPINION

REINHARDT, Circuit Judge:

This case arises out of a scheme allegedly entered into by the defendants to fraudulently bill Blue Cross and Blue Shield Plans ("Blue Cross") for unnecessary medical services. Plaintiffs allege that defendants and their associates enticed individuals from around the country into undergoing unnecessary treatments at the defendant medical clinics by offering cash payments and beach vacations. Plaintiffs allege that they were then billed for the unnecessary procedures and, as a result, paid millions of dollars to defendants.

In addition to the civil suit, several of the defendants are currently facing criminal prosecution in state or federal court or both. The events leading to this appeal began when a number of defendants, none of whom had been indicted in the criminal proceedings, requested stays of the civil proceeding on the basis that discovery in the civil suit implicated their Fifth Amendment rights. The district court granted these stays. It subsequently granted stays to most of the other individual defendants and to corporate defendants who argued that they would be prejudiced if required to defend against the civil suit without discovery against the individual defendants who had received stays. The precise duration of the stays is difficult to discern, as the district court granted the motions without mentioning duration, but most of the defendants

requested stays "pending the resolution of the criminal investigations and/or prosecutions that have arisen in connection with the acts alleged in plaintiffs' complaint." Blue Cross argues that the district court abused its discretion in granting the stays, and asks us to reverse this determination so that the suit can go forward on the merits.

[1] The defendants argue that we lack jurisdiction to review the stay orders because they are not final judgments. However, a stay order is appealable if it places the plaintiff "effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983). In *Moses H. Cone*, the Supreme Court held that an order staying litigation in federal court pending the resolution of a case in state court that would have res judicata effect on the federal case placed the plaintiff effectively out of court. *Id. Moses H. Cone* applies whenever there is a possibility that proceedings in another court could moot a suit or an issue, even if there is no guarantee that they will do so. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1102 (9th Cir. 2005).

[2] We have not yet considered whether we have jurisdiction over stay orders that impose lengthy or indefinite delays absent risk that another proceeding will have res judicata effect on the federal case. However, the majority of circuits that have considered this question have found jurisdiction. *See Hines v. D'Artois*, 531 F.2d 726, 731 (5th Cir. 1976); *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519 (11th Cir. 1984); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *Johnson & Johnson, Inc. v. Wallace A. Erickson & Co.*, 627 F.2d 57, 62 (7th Cir. 1980); *see also Rojas-Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 495 (1st Cir. 1991) (treating a denial of a motion to set a trial date as a stay and finding jurisdiction due to the indefinite delay); *Discon Corp. v. Nynex Corp.*, 4 F.3d 130, 134 (2d Cir. 1993) (finding jurisdiction under the collateral order doctrine because the stay imposed an indefinite delay placing the plaintiff effectively out of court); *but see*

*Marcus v. Twp. of Abington*, 38 F.3d 1367, 1370 (3d Cir. 1994); *Crystal Clear Commc'ns v. Sw. Bell Tel. Co.*, 415 F.3d 1171 (10th Cir. 2005). We agree with the majority position that lengthy and indefinite stays place a plaintiff effectively out of court. Such an indefinite delay amounts to a refusal to proceed to a disposition on the merits. *Discon Corp.*, 4 F.3d at 134. Even if litigation may eventually resume, such stays create a "danger of denying justice by delay." *Am. Mfrs.*, 743 F.2d at 1524. Delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunana v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Additionally, in some cases plaintiffs may go out of business awaiting recovery or face irreparable harm during the time that their suits are on ice.[1] In determining that stays of the type at issue here are appealable, however, we do not mean to intimate that they are invariably improper or inappropriate. Rather, it is within the district court's discretion to grant or deny such stays, after weighing the proper factors. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995); *infra* at p. 12.

**[3]** The stays in this case are both indefinite and expected to be lengthy. They could easily last as long as the five- or six-year limitations period in the criminal cases, or even longer if the government initiates criminal prosecutions shortly before the end of that period. Even the stays for defendants Ngoc Nguyen, Thien Ngo, and Perry Pham, which appear to last only for the duration of the criminal proceedings already initiated against them, have thus far lasted longer than the 18-

---

[1]We also agree with the Fifth and Eleventh Circuits that *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), does not suggest that these practical concerns are irrelevant to our analysis of whether a plaintiff is "effectively out of court." *See Am. Mfrs.*, 743 F.2d at 1524 n.4. As the Supreme Court explained in *Moses H. Cone*, *Coopers & Lybrand* involved a case in which the order has "no *legal* effect on the named plaintiff's ability to proceed with his individual claim in federal court," while the stay order in this case, like that in *Moses H. Cone*, blocks the plaintiffs from proceeding as a matter of law. 460 U.S. at 10 n.11.

month delays that other courts have considered sufficient to place the plaintiffs effectively out of court. *See Am. Mfrs.*, 743 F.2d at 1524; *Hines*, 531 F.2d at 732. Thus, we hold that we have jurisdiction to review the stays because they place the plaintiffs effectively out of court.[2]

**[4]** Having concluded that we have jurisdiction to review the district court's decision, however, we search in vain for a reasoned decision to review. The district court's decision to grant a stay is reviewed for abuse of discretion, meaning that we must examine the adequacy of the rationale behind the district court's decision rather than simply reach the conclusion that seems best to us. *Lockyer*, 398 F.3d at 1105. The district court is required to perform a five-factor balancing test, considering the interests of the parties, the public, and the court. *Keating*, 45 F.3d at 325. We cannot review the district court's exercise of its discretion in weighing these factors unless we know that it has done so and why it reached its result. "[M]eaningful appellate review for abuse of discretion is foreclosed when the district court fails to articulate its reasoning." *United Nat'l Ins. Co. v. R & D Latex Corp.*, 141 F.3d 916, 919 (9th Cir. 1998).

**[5]** In this case, the district court did not provide any explanation at all in any of its orders granting stays to the various parties. Instead, it simply announced peremptorily—without *any* discussion of the relevant factors or *any* indication of the basis for its decision—that it is "ordered that the motion [of listed defendants] be, and hereby is, Granted." In doing so, the district court left us with no reasoned decision to review, and no basis upon which to evaluate its exercise of discretion, thereby making it impossible for us to do our judicial duty. Where, as here, a district court does not explain its reasoning, we must remand to that court to reconsider its decision and to

---

[2]Because we hold that we have appellate jurisdiction, we need not consider plaintiffs' mandamus petition. Accordingly, that petition is dismissed as moot.

set forth its reasons for whatever decision it reaches, so that we can properly exercise our powers of review. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). The "somewhat less deferential" abuse of discretion review we perform when reviewing a district court's stay order, *Lockyer*, 398 F.3d at 1105, does not change this general rule. Thus, as in *R & D Latex Corp.* and *Drizol*, we remand the matter to the district court.

In exercising its discretion on remand, the district court should consider, *inter alia*, the distinctions between the corporate defendants and the individual defendants, and the distinctions between the defendants that have been indicted and those that have not. The district court should also consider the lengths of the stays requested by the various defendants.

Accordingly, cases numbered 05-56261, 06-55316, and 06-55565 are **VACATED** and **REMANDED.** Case numbered 06-71645 is **DISMISSED**.