NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 09-16364 |
| Plaintiff - Appellee, | D.C. No. 3:03-cv-03252-WHA |
| v. | MEMORANDUM[*] |
| OLIVER HILSENRATH, | |
| Defendant - Appellant, | |
| and | |
| DAVID S. KLARMAN, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted July 20, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Oliver Hilsenrath ("Hilsenrath") was the President, Chief Executive Officer and Director of U.S. Wireless Corporation ("Wireless") from 1996 until 2001, when Wireless's Board of Directors removed him for irregularities in the company's annual reports. Hilsenrath subsequently pled guilty to one count each of securities fraud and tax evasion. The district court then awarded the Securities and Exchange Commission ("SEC") summary judgment in its parallel civil enforcement action based on this guilty plea and other evidence. Hilsenrath appeals both the summary judgment and the penalties assessed against him.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm the district court.

The facts of this case are known to the parties. We do not repeat them.

# I

We review the award of summary judgment de novo. *SEC v. Talbot*, 530 F.3d 1085, 1090 (9th Cir. 2008). We review all other issues in this appeal for abuse of discretion. *SEC v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 F.App'x. 183, 189 (9th Cir. 2008); *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Ctr.*, 490 F.3d 718, 724 (9th Cir. 2007); *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976).

**II**

The district court acted within its discretion by allowing the SEC's civil case to proceed after Hilsenrath's guilty plea. In the hearing prior to the district court's order, Hilsenrath only asked for a stay pending the completion of the criminal trial. In addition, given that Hilsenrath relinquished all claims to the assets being held in Switzerland (and therefore could not have used the funds in the civil case), it was not an abuse of discretion to allow the case to continue before the funds were returned.

**III**

The district court also acted within its discretion by refusing to allow Hilsenrath to bring a counterclaim more than three years after he filed his answer. Hilsenrath is not entitled to add a claim simply because the trial has not yet occurred. He must assert all his claims at the beginning of his case or show why justice requires him to be allowed to add such a claim later. Fed. R. Civ. Pro. 13(f) (abrogated 2009); *see also Ralston-Purina Co.*, 541 F.2d at 1367. Hilsenrath and his retained counsel had access to the information upon which the counterclaim is based when Hilsenrath filed his answer, months before the district court imposed its stay. Hilsenrath has not explained why justice requires that he be allowed to add a counterclaim years later, days before summary judgment motions were due.

# IV

The district court correctly granted summary judgment in favor of the SEC. Hilsenrath brings a host of challenges, but they are without merit.

First, the district court did not collaterally estop Hilsenrath from presenting his defense. Because the guilty plea did not cover the full time frame involved in the civil complaint, the court simply treated Hilsenrath's plea as a party admission that helped satisfy the government's burden of proof. Hilsenrath was allowed to bring admissible evidence to rebut this prima facie case. He simply failed to do so.

Second, Hilsenrath asserts that a genuine dispute existed regarding whether his statements were material. Hilsenrath's plea admitted that he caused Wireless to make materially false statements to the SEC. This along with other evidence satisfied the SEC's burden under Rule 56. Hilsenrath did not create an issue of genuine fact by providing a conclusory "expert opinion." *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989).[1]

Third, Hilsenrath asserts he cannot be held liable for aiding and abetting Wireless' violation of its reporting requirements when Wireless has never admitted or been adjudicated of violating those obligations. We disagree. As the district

---

[1] Hilsenrath's related argument that the SEC should not have been awarded summary judgment because it failed to produce expert testimony that his omissions were material is without merit. Fed. R. Civ. Pro. 56(a) (allowing a party to rely solely on its pleadings in asking for summary judgment).

court noted, Wireless subsequently admitted that its disclosures were improper and Hilsenrath admitted in his plea agreement that he caused Wireless to commit the violation. This is sufficient, undisputed evidence of a primary violation. *See SEC v. Fehn*, 97 F.3d 1276, 1289-1291 (9th Cir. 1996) (examining the events at issue to determine for purposes of an aiding and abetting violation that a primary violation had occurred).

Fourth, Hilsenrath claims that he should not be liable for violations of Section 10(b) and Rule 10-b5 because he did not engage in stock manipulation. We are not certain whether Hilsenrath is arguing (1) that he cannot be liable because no shareholder relied upon his omissions or (2) that his omissions were not made in relation to a securities transaction. But either argument fails. The SEC is not required to prove reliance in a Rule 10b-5 case. *SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1364 (9th Cir. 1993). And in cases such as this one "[w]here the fraud alleged involves public dissemination . . . [in an] annual report . . . the 'in connection with' requirement is generally met by proof of the means of dissemination and the materiality of the . . . omission." *Id.* at 1362.

## V

Finally, Hilsenrath claims that the district court abused its discretion in fashioning the remedy it imposed against him, particularly without conducting an

5

evidentiary hearing. This argument is also without merit. A hearing is not required simply because a defendant promises never to re-offend. *SEC v. Murphy*, 626 F.2d 633, 656 (9th Cir. 1980). Hilsenrath submitted a sworn statement arguing why he should not be subjected to the SEC's proposed penalties. He has never asserted what else he would have said at a hearing. Further, we conclude that the district court acted within its discretion in crafting Hilsenrath's penalty. The court conducted a thorough and well-reasoned analysis of the factors this court has laid out for each of these penalties. Its conclusions were well within its discretion.

AFFIRMED.