**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL GEORGE, | No. 16-56594 |
| Plaintiff-Appellee, | D.C. No. 8:16-cv-01127-JVS-SS |
| v. | |
| MANHEIM INVESTMENTS, INC.; MANHEIM REMARKETING, INC., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| DOES, 1-10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Manheim Investments, Inc. and Manheim Remarketing, Inc. (together "Manheim") appeal the district court's order staying proceedings pending resolution of a California Supreme Court case, *Dynamex Operations West, Inc. v. Superior Court of Los Angeles County*, No. S222732. *Dynamex* involves parties who are not before this court. The district court issued the stay because it concluded that the California Supreme Court decision in *Dynamex* might inform its reasoning on a threshold issue in this case—whether Plaintiff, Michael George, is an independent contractor or an employee. We dismiss for lack of jurisdiction.[1]

"Ordinarily, a stay is not considered a final decision for purposes of section 1291." *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1360 (9th Cir. 1987). Manheim contends that an ongoing state court action, *Cullum v. Manheim Investments, Inc.*, involving claims brought under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698–2699.5, could have collateral estoppel effects in this case. George is one of the named representatives in that action, and Manheim is the defendant. If *Cullum* is decided first, it could resolve the threshold employment status question, thereby depriving Manheim of the opportunity to have that issue resolved by a federal tribunal. Because of this possibility, Manheim argues that two exceptions to the

---

[1] Manheim's motions for judicial notice and for supplementation of the record are denied as moot.

final order doctrine apply in this case.

First, Manheim argues that we have jurisdiction to hear this appeal because the stay puts Manheim "effectively out of court." *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1101 (9th Cir. 2005). A party is effectively out of court in either of two distinct situations. One is where the district court turns over decision-making to a state court, effectively giving up its jurisdiction over a legal question. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983); *Lockyer*, 398 F.3d at 1102– 03. Under *Moses H. Cone* and *Lockyer*, however, a party is not effectively out of court simply because a stay may have the incidental effect of letting an ongoing state court proceeding settle an issue first. *See Moses H. Cone*, 460 U.S. at 10 n.11 (advising that its holding should not be construed as meaning that "an order becomes final merely because it may have the practical effect of allowing a state court to be the first to rule on a common issue"). In this case, the district court did not turn the decision over to the state court tribunal. Any potential collateral estoppel effect from the ongoing *Cullum* matter would be a mere incidental effect of the stay.

A party may also be effectively out of court where proceedings are stayed for a lengthy and indefinite period of time. *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). In *Blue Cross*, the stay was issued pending the resolution of multiple related criminal

proceedings, and could reasonably have been expected to last for many years. *Id*. By contrast, here the stay is not indefinite. The California Supreme Court heard oral arguments in *Dynamex* on February 6, 2018, and an opinion should be forthcoming within three months of that date. *See* Cal. Gov't Code § 68210. The stay in this case was issued more than a year and a half after the California Supreme Court agreed to hear *Dynamex*. Even at the time it was issued, it was not the sort of indefinite stay contemplated in *Blue Cross*.

Second, Manheim argues that this case falls under the collateral order doctrine. The collateral order doctrine allows for a narrow exception to the final judgment rule in a "small class" of cases. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). To fall within the exception, an order must "(1) conclusively determine the disputed questions, (2) resolve important questions separate from the merits, and (3) [be] effectively unreviewable on appeal from a final judgment in the action." *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 673 F.3d 1267, 1272 (9th Cir. 2012). All three requirements must be met before a collateral order can be appealed. *Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065, 1068 (9th Cir. 2008).

We have held that the loss of a federal forum is not sufficiently important to warrant appellate review under the collateral order doctrine. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 947 (9th Cir. 2004) ("The fallacy of this argument

is its premise that the loss of a federal forum presents a sufficiently important question in the collateral order context to permit appellate review. It does not."). Because the second component of the test under the collateral order doctrine is not met, we reject Manheim's claim that we have jurisdiction under that doctrine.[2]

In the alternative, Manheim asks that we treat its appeal as a petition for a writ of mandamus. A writ of mandamus should not be granted absent clear error by the district court. *Bundy v. U.S. Dist. Court (In re Bundy)*, 840 F.3d 1034, 1041 (9th Cir. 2016). The district court did not clearly err in staying the matter pending the resolution of *Dynamex* because it was reasonable for the court to believe that the disposition of that case may inform a proper resolution of this matter. We deny the mandamus request.

**DISMISSED.**

---

[2] We express no opinion on whether Manheim can satisfy the other requirements of the collateral order doctrine.