NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORGAN HILL CONCERNED PARENTS ASSOCIATION; and CONCERNED PARENTS ASSOCIATION, | No. 18-16939 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-03367-VC |
| v. | MEMORANDUM[*] |
| CALIFORNIA DEPARTMENT OF EDUCATION, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 22, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Morgan Hill Concerned Parents Association and Concerned Parents

Association (collectively, "Morgan Hill") appeal a temporary stay order issued by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court pending evidentiary proceedings in a related case. Although there is some question about our jurisdiction under 28 U.S.C. § 1291, we are confident that the district court did not abuse its discretion in imposing the stay. Accordingly, we affirm.[1]

A district court may find it efficient for its own docket and the fairest course of the litigation to enter a stay of an action pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In considering whether to grant a stay, a district court "is required to perform a five-factor balancing test, considering the interests of the parties, the public, and the court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995)). We review the stay for abuse of discretion—balancing its length against the strength of the justification given for it. *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

The district court's on-the-record colloquy reveals consideration of the relevant factors. *See Blue Cross*, 490 F.3d at 724. Here, its rationale is adequate to justify imposing the stay. For the most part, this case mirrors the related case, where the district court is already knee-deep in evidentiary proceedings to remedy California Department of Education's ("CDE") monitoring and enforcement system.

---

[1] The Court grants the motions for judicial notice (Docket Nos. 36, 38, and 42).

What is done there will likely provide at least a partial remedy for Morgan Hill here; thus, judicial economy strongly favors the stay. *Cf. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (prospect of narrowing the factual and legal issues in the other proceeding may justify a stay). As for hardships, without a stay CDE must simultaneously defend dueling actions—one looking at the past, the other focused on the future, both seeking a substantially similar remedy. Given CDE's status as a public agency and Morgan Hill's extensive and likely redundant discovery demands, we find this makes a clear case of hardship. *See id.*; *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). And because we find Morgan Hill's asserted prejudice mitigated by the district court granting it amicus status in the related case and identifying when Morgan Hill may seek to lift the stay, we conclude that the balance of hardships supports the stay.

In sum, the district court did not abuse its discretion in imposing a stay under these circumstances.

**AFFIRMED**.