**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK ANTHONY DAVIS, AKA Quie Anthony, AKA QBwoy, an individual,

Plaintiff-Appellee,

v.

BOULEVARD NIGHTLIFE GROUP, LLC, AKA Hemmingways, DBA The Study, a California limited liability company; et al.,

Defendants-Appellants,

and

JAMIE KOZ, AKA White Lightning, an individual; et al.,

Defendants.

No.    20-55975

D.C. No.
2:18-cv-06597-VAP-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted October 18, 2021[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District Judge.

After Appellants Freddy Braidi, Elie Braidi, Spencer Kushner, and Boulevard Nightlife Group, LLC (collectively, Boulevard Nightlife Group) failed to respond to the complaint against them or appear in the district court proceedings below, Appellee Mark Anthony Davis moved for default judgment. With no opposition, the district court granted the motion. About three and a half months later, Boulevard Nightlife Group moved for relief from the judgment under Federal Rule of Civil Procedure 60(b). The district court denied the Rule 60(b) motion as untimely.

Boulevard Nightlife Group raises several issues on appeal. We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012). "Whether such a denial rests on an inaccurate view of the law and is therefore an abuse of discretion requires us to review the underlying legal determination de novo." *Id.* (quoting *Smith v. Pac. Pros. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004)). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

1. Boulevard Nightlife Group first argues that the district court abused its

---

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

2

discretion by concluding that the Rule 60(b)(1) motion was untimely. We agree. Under Rule 60(b), "[o]n motion and just terms, the [district] court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A party seeking relief under Rule 60(b)(1) must do so "within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The district court, relying on *Gila River Ranch, Inc. v. United States*, 368 F.2d 354 (9th Cir. 1966), ruled that Boulevard Nightlife Group's motion—filed less than four months after judgment was entered—was untimely because it fell outside the 30-day timeframe allowed for appeal. But *Gila River*'s timeliness limitation does not apply in circumstances where "a party is partly to blame for the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Boulevard Nightlife Group did not bring its motion to correct the district court's error, but to show excusable neglect for its own error. Although we do not weigh in on the Rule 60(b) motion's merits or decide whether Boulevard Nightlife Group acted within a reasonable time under Rule 60(c)(1), we have rejected Davis's argument that the general deadline for filing an appeal governs in this context. *See, e.g.*, *In re Gilman*, 887 F.3d 956, 964 n.8 (9th Cir. 2018). The district court therefore abused its discretion by failing to consider the motion's merits or articulating other

3

valid grounds for denial. *See Lemoge v. United States*, 587 F.3d 1188, 1192 n.2 (9th Cir. 2009).

2.      Boulevard Nightlife Group then argues that the district court abused its discretion by failing to consider its Rule 60(b)(4) argument. Again, we agree. Rule 60(b)(4) allows a district court to provide relief from a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). A final judgment is void, and therefore must be set aside, "if the court that considered it lacked jurisdiction . . . over the parties to be bound." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). One ground for challenging the district court's jurisdiction under Rule 60(b)(4) is improper service. *See SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165–66 (9th Cir. 2007).

Although Boulevard Nightlife Group did not cite the specific subsection of Rule 60(b) in its motion before the district court, it alleged improper service in several ways. For example, Boulevard Nightlife Group explicitly argued that "[d]efects in service of process render a judgment void and subject to direct attack by motion for relief from default." There is no indication that the district court considered this argument. The district court's failure to consider relief under Rule 60(b)(4) or explain why such relief is unwarranted was an abuse of discretion. *See Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724–25 (9th Cir. 2007).

3.      Finally, Boulevard Nightlife Group challenges two post-judgment orders entered by the district court. These challenges fail, however, because Boulevard Nightlife Group filed a notice of appeal before the district court issued these post-judgment orders. Boulevard Nightlife Group did not file a new notice of appeal for those two orders, nor did it amend its existing notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) ("[A] party wishing to challenge [a new] decision 'must file a notice of appeal, or an amended notice of appeal' specifying its appeal of that decision." (quoting Fed. R. App. P. 4(a)(4)(B)(ii) and citing Fed. R. App. P. 3(c)(1)(B))). "[T]he lack of a timely filed (or timely amended) notice of appeal deprives this court of jurisdiction." *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012). Accordingly, we lack jurisdiction to consider any argument related to these two post-judgment orders.

The district court's decision is **REVERSED AND REMANDED** for further proceedings consistent with this disposition. Each party shall bear its own costs.