**Affirmed and Memorandum Opinion filed January 15, 2026**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00069-CV

## IN THE MATTER OF P.P., A JUVENILE

**On Appeal from the 474th Judicial District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2022-65-J**

## MEMORANDUM OPINION

P.P.[1] was adjudicated delinquent for committing aggravated assault and committed to the Texas Juvenile Justice Department (TJJD) for ten years. The trial court subsequently signed an order transferring him to the Texas Department of Criminal Justice (TDCJ) to serve the remainder of his sentence. P.P. argues on appeal that the trial court did not make sufficient findings for us to meaningfully review the order. We affirm.

---

[1]    *See* TEX. FAM. CODE § 56.01(j) (requiring appellate opinions in juvenile court cases to "identif[y] the child by his initials only").

# BACKGROUND

In May 2022, the State filed a petition alleging that fourteen-year-old P.P. engaged in delinquent conduct by committing aggravated assault. He plead "true" to the offense in return for the State recommending a determinate sentence of ten years in TJJD. The trial court adjudicated him delinquent and imposed the recommended sentence.

In January 2025, TJJD requested that the trial court hold a hearing to determine whether P.P. should be transferred to TDCJ to serve the remainder of his sentence.[2] TJJD's court liaison testified that P.P.'s original offense involved stabbing a minor at least twice before fleeing the scene. The trial court released him on parole in June 2024. His parole was revoked in January 2025 after he was found in possession of a firearm and there was a photo of him holding the firearm on social media. P.P.'s mother and a TJJD parole officer also testified. The trial court signed an order the same day granting the transfer request.[3] P.P. appealed to the Tenth Court of Appeals.[4] The Supreme Court of Texas transferred P.P.'s appeal to this Court.[5]

Because this case was transferred to us for docket-equalization purposes, we

---

[2]    *See* TEX. HUM. RES. CODE § 244.014(a) (authorizing TDJJ to request an order transferring a child serving a determinate sentence to TDCJ if the child "has not completed the sentence" and "the child's conduct, regardless of whether the child was released under supervision under Section 245.051, indicates that the welfare of the community requires the transfer").

[3]    TEX. FAM. CODE § 54.11(i)(2) ("On conclusion of the hearing on a person who is referred for transfer under Section 152.0016(j) or 244.014(a), Human Resources Code, the court may, as applicable, order . . . the transfer of the person to the custody of the Texas Department of Criminal Justice for the completion of the person's sentence.").

[4]    *See id.* § 56.01(c)(2).

[5]    *See* Misc. Dkt. No. 25-9016 (Apr. 5, 2025).

apply the precedent of the transferor court.[6] The Tenth Court of Appeals reviews an order transferring a juvenile to complete his sentence in TDCJ for an abuse of discretion.[7] A trial court abuses its discretion when it misinterprets or misapplies the law or when its decision is contrary to the only permissible view of the evidence.[8] We will uphold the decision if the record contains some evidence to support it.[9]

P.P. argues that applying this standard violated due process because it does not permit meaningful review of whether the trial court correctly applied the law. The law requires a court deciding a transfer motion to consider:

> the experiences and character of the person before and after commitment to the Texas Juvenile Justice Department or post-adjudication secure correctional facility, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the Texas Juvenile Justice Department, county juvenile board, local juvenile probation department, and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.[10]

The trial court's order states that it considered each of these factors. P.P. argues that meaningful review requires that the trial court articulate its reasoning, including the weight it assigned to each factor. He names this elevated standard "guided discretion." He directs us to a case from the 9th Circuit which states that when a trial

---

[6] TEX. R. APP. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court.").

[7] *See In re A.G.*, 2017 WL 1452847, at *1 (Tex. App.—Waco Apr. 19, 2017, pet. denied); *In re A.C.*, 2015 WL 6437696, at *1 (Tex. App.—Waco Oct. 22, 2015, no pet.).

[8] *In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021).

[9] *See Mehta v. Mehta*, 716 S.W.3d 126, 131 (Tex. 2025); *In re A.C.*, 2015 WL 6437696, at *1 (Tex. App.—Waco Oct. 22, 2015, no pet.).

[10] TEX. FAM. CODE § 54.11(k).

court fails to explain it reasons for a decision, the reviewing court has "no basis upon which to evaluate its exercise of discretion."[11]

We disagree.[12] The Tenth Court previously rejected the "abuse of guided discretion" standard.[13] It concluded that the evidentiary record and the statements in the lower court's order that it considered the statutory factors were sufficient to allow meaningful appellate review.[14] The trial court's order here states that it considered each of the statutory factors and the evidence before it, including the witness testimony and the written reports produced by TJJD. Under the Tenth Court's precedent, the record and the recitations in the transfer order permit meaningful appellate review.

We affirm the trial court's order.

/s/      Scott A. Brister

Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[11]    *Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1016 (9th Cir. 2010) (quoting *Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007)).

P.P. also cites decision of the Court of Criminal Appeals that required courts to explain their reasoning for transferring a juvenile for trial in adult court. *Moon v. State*, 451 S.W.3d 28, 49 (Tex. Crim. App. 2014), *overruled by Ex parte Thomas*, 623 S.W.3d 370, 383 (Tex. Crim. App. 2021). Even if the Court of Criminal Appeals had not overruled *Moon*, appeal from this type of transfer order is no longer a criminal-law matter within that Court's jurisdiction. TEX. FAM. CODE § 56.01(a).

[12]    We assume without deciding that P.P. preserved this issue for review.

[13]    *In re A.G.*, 2017 WL 1452847, at *1 ("We . . . decline to adopt the 'abuse of guided discretion' standard."); *accord In re M.C.*, 502 S.W.3d 852, 857–58 (Tex. App.—Texarkana 2016, pet. denied) (rejecting same "guided discretion" argument).

[14]    *In re A.G.*, 2017 WL 1452847, at *1–2.

4