14-3987-cv
*Range v. 480-486 Broadway, LLC, et al.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2015
No. 14-3987-cv

KING RANGE,
*Plaintiff-Appellant,*

*v.*

480-486 BROADWAY, LLC, MADEWELL, INC., AND J. CREW GROUP, INC.,
*Defendants-Appellees.*

————

Appeal from the United States District Court
for the Southern District of New York

————

SUBMITTED: OCTOBER 23, 2015
DECIDED: NOVEMBER 24, 2015

————

Before: KEARSE, WALKER, and CABRANES, *Circuit Judges.*

————

On appeal from an oral order of the United States District Court for the Southern District of New York (Lewis A. Kaplan,

*Judge*), reflected in a docket entry, granting a motion by Defendants-Appellees to stay Plaintiff-Appellant's civil action for two years in order to avoid unnecessary litigation costs. We **DISMISS** the appeal for lack of appellate jurisdiction.

————

> Glen H. Parker, Parker Hanski LLC, New York, NY, *for Plaintiff-Appellant*.
>
> Joel L. Finger and Eric D. Witkin, Littler Mendelson PC, New York, NY, *for Defendants-Appellees*.

————

PER CURIAM :

Plaintiff-appellant King Range appeals from the September 24, 2014 order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) staying his action for, *inter alia*, injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*. We conclude that we are without jurisdiction to hear the appeal. Accordingly, we **DISMISS** for want of appellate jurisdiction.

## BACKGROUND

Range filed this lawsuit against defendants 480-486 Broadway, LLC ("Broadway"), Madewell, Inc. ("Madewell"), and J. Crew Group, Inc. ("J. Crew") on April 8, 2014. In his complaint, Range, who is confined to a wheelchair, alleged that a retail property in New York City owned by Broadway and leased by Madewell and J. Crew does not comply with the ADA's accessibility requirements.

According to Range, the property fails to meet the ADA's standards in thirty-three different respects. Among other problems, there is no permanent ramp from the street to the entrance, some interior spaces are too narrow to permit navigation by a person in a wheelchair, and the International Symbol of Accessibility is not displayed as the law requires.

On June 19, 2014, the parties appeared for a status conference before the District Court. Counsel for defendants represented that defendants wished to bring the property into compliance, explaining that the property was located in a historic district and the New York City Landmarks Preservation Commission ("LPC") had rejected an earlier application to build a permanent ramp in front of the property. Counsel also argued that discovery should not commence because discovery was not necessary: it was plain from Range's complaint that his attorney had visited the property and catalogued its alleged shortcomings. Instead, counsel submitted, discovery should be stayed and a settlement conference scheduled. The District Court agreed to stay discovery, and it referred the case for a settlement conference.

The parties failed to settle and appeared for another status conference on September 24, 2014. On that same day defendants filed a new application with the LPC seeking leave to construct a permanent ramp; they were scheduled to be heard on October 21. Before the District Court, counsel for defendants argued that the discovery stay should remain in place for two reasons: first, Range's complaint identified all of the property's alleged problems; second,

defendants had begun the process of bringing the property into compliance.  Accordingly, proceeding with discovery would serve only to saddle the parties with unnecessary costs.

The District Court agreed.  In an order entered on September 24, 2014, the District Court noted that defendants had "assured the Court" that they were "in the process of correcting [any lack of compliance] to the extent it is within their power to do so," had filed a new application with the LPC, and would be heard before the LPC on October 21.  S.A. 52.  In consequence, wrote the Court, it made "very little sense to run up legal fees and expert fees . . . reasonably likely to be utterly without ultimate purpose."  S.A. 53.  The District Court therefore stayed the action, but not without this caveat: "If the plaintiff wishes in the interim to have me modify this order, they are, of course, at liberty to make an application."  *Id.*  The order was reflected in a docket entry made two days later, on September 26, 2014, stating that the action was stayed for two years.

Range appeals this order, arguing that the District Court abused its discretion by staying his action.  As a threshold matter, he asserts that we have jurisdiction to decide this question either because the stay order is a final decision under 28 U.S.C. § 1291, because it is an appealable collateral order, or because he is entitled to a writ of mandamus.  We reject each of these arguments and therefore dismiss the appeal for want of jurisdiction.

## DISCUSSION

### I.  Final Decision

Range first argues that the District Court's order is "final" within the meaning of 28 U.S.C. § 1291, which vests the courts of appeals with "jurisdiction of appeals from all final decisions of the district courts of the United States."  A stay order ordinarily does not qualify as a final decision, but the Supreme Court has recognized an exception to this general rule.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 & n.11 (1983).  When a stay puts a plaintiff "effectively out of court," the stay order is final and appealable.  *Id.* (internal quotation marks omitted).  Range argues that the District Court's order does just that by preventing him from pursuing his case for two years.

We disagree.  "[A] decision is ordinarily considered final and appealable under § 1291 only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (internal quotation marks omitted).  "[M]ost stays do not put the plaintiff 'effectively out of court'" and so are not reviewable final orders. *Moses H. Cone*, 460 U.S. at 11 n.11; *Steele v. L.F. Rothschild & Co.*, 864 F.2d 1, 2 (2d Cir. 1988) (stay orders "ordinarily are not appealable . . . 'final orders'").

While a stay order may be a final order if it effectively cedes federal jurisdiction "by refus[ing] to proceed to a disposition on the merits" or imposing "lengthy or indefinite delays," *Blue Cross & Blue*

*Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 723-24 (9th Cir. 2007); *see id.* at 724 (reviewing stays that were "both indefinite and expected to be lengthy," as "[t]hey could easily last . . . five[ ] or six[ ] year[s] . . . or even longer," depending on the possible initiation and completion of criminal proceedings), the stay order here is "an ordinary delay in the interest of docket control" over which we lack jurisdiction, *Moses H. Cone*, 460 U.S. at 11 n.11.

## II.     Collateral Order

Nor is the District Court's order appealable under the collateral-order exception to the rule of finality.  Under this exception, an order that does not finally resolve a litigation may nevertheless be appealed if the order 1) "conclusively determine[s] the disputed question;" 2) "resolve[s] an important issue completely separate from the merits of the action;" and 3) is "effectively unreviewable on appeal from a final judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988) (internal quotation marks omitted).  A stay order can qualify as an appealable collateral order, *see, e.g.*, *Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133-34 (2d Cir. 1993) (reviewing an order that stayed a blameless plaintiff's lawsuit until its counsel, over whom plaintiff lacked control, complied with an order to pay sanctions), but this one does not: it founders on the first requirement, that the order "conclusively determine the disputed question." *Gulfstream*, 485 U.S. at 276 (internal quotation marks omitted).

A nonfinal order does not conclusively determine an issue unless, "although technically amendable, [it is] 'made with the expectation that [it] will be the final word on the subject addressed.'" *Id.* at 277 (quoting *Moses H. Cone*, 460 U.S. at 12 n.14). If the order is of a kind that "a district court ordinarily would expect to reassess and revise . . . in response to events occurring in the ordinary course of litigation," it is not conclusive. *Id.* (internal quotation marks omitted). So too if the district court "contemplate[s]" that the order "may be modified or revised as the litigation proceeds." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 372 (2d Cir. 1993).

Here, though the docket entry reflecting the District Court's order speaks in absolutes — "Action stayed for 2 years" — the Court's oral ruling quite plainly contemplates future revision. The stay was entered because "[t]he defendant has assured the Court that to whatever extent there is any lack of compliance on the subject premises, they are in the process of correcting it to the extent it is within their power to do so." S.A. 52. The District Court stated that Range could, "in the interim . . . make an application" to "modify [the] order." S.A. 53. We read the order to indicate that if defendants do not proceed in good faith as promised during the period of the stay and Range applies to the District Court for relief, the Court will revisit the stay. Moreover, in the event that plaintiff maintains that further remediation is necessary after defendants' promised work is complete, the District Court will address those claims. Because it is clear that the stay order is subject to

modification in light of changing circumstances, it does not "conclusively determine the disputed question" and is therefore not an appealable collateral order. *Gulfstream*, 485 U.S. at 276 (internal quotation marks omitted).

### III. Mandamus

Finally, we conclude that mandamus relief is not warranted in this case. A writ of mandamus is an "extraordinary remedy," available only in "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re City of New York*, 607 F.3d 923, 932 (2d Cir. 2010) (internal quotation marks omitted). The party seeking the writ must show that "its right to issuance of the writ is clear and undisputable." *Gulfstream*, 485 U.S. at 289 (internal quotation marks omitted). Though a district court possesses inherent authority to "control the disposition of the causes on its docket" and has power to stay an action as an incident of that authority, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), a stay order may warrant mandamus relief "in exceptional cases," *Gulfstream*, 485 U.S. at 288 n.13.

This is not such a case. The decision whether to stay an action calls on a district court's "studied judgment," requiring the court to examine "the particular facts before it" and determine "the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). The record shows that the District Court acted within its authority in deciding, based on the

circumstances of the case and the interests of the litigants and the Court, that this action should be stayed. The Court took note of defendants' plans to address Range's concerns about the property and the lack of any apparent need for discovery, concluding that permitting the active litigation of the case at present would only waste the parties' resources and the Court's time.

In arguing that he is entitled to a writ of mandamus, Range ignores the fact that the District Court explicitly kept the door open to revisiting the stay in the event that defendants fail to proceed in good faith. To be sure, stay orders are not automatically sustainable or precluded from review merely "because conceivably the court that made it may be persuaded at a later time to undo what it has done." *Landis*, 299 U.S. at 257; *see also Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 n.3 (11th Cir. 2000). This is not such a case, however, as the District Court conditioned the stay on prompt remediation by defendants.

Range emphasizes that defendants' promise to remedy the property is not judicially enforceable and that these ADA violations should not be permitted to persist, immune from judicial challenge, for two years. Both points may be granted. But in view of the District Court's avowed willingness to modify its order should circumstances change, it is clear that the Court has not abdicated its role — and equally clear that Range is not entitled to the extraordinary relief he seeks.

**CONCLUSION**

In sum, we hold that the District Court's stay order is neither "final" within the meaning of 28 U.S.C. § 1291, nor an appealable collateral order, nor a clear abuse of discretion warranting mandamus relief. Accordingly, for the reasons set out above, we **DISMISS** the appeal for want of appellate jurisdiction.