16-2567
*In re Application of XPO Logistics, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand sixteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> NICHOLAS G. GARAUFIS,
> > *District Judge*.[*]

_____

XPO LOGISTICS, INC.,

> *Petitioner-Appellee*

> v.                                                                 16-2567

ELLIOTT CAPITAL ADVISORS, L.P., ELLIOTT MANAGEMENT CORPORATION, ELLIOTT ASSOCIATES, L.P.,

> *Respondents-Appellants*

_____

For Petitioner-Appellee:     MICHAEL S. SHUSTER, Vincent Levy, Jayme Jonat, Matthew Noller, Holwell Shuster & Goldberg LLP, New York, New York

---

[*] Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

For Respondents-Appellants:    ROBERT F. SERIO, Goutam U. Jois, Gibson, Dunn & Crutcher LLP, New York, New York

Matthew D. McGill, Gibson, Dunn & Crutcher LLP, Washington, D.C.

David Parker, Joshua K. Bromberg, Kleinberg, Kaplan, Wolff & Cohen, P.C., New York, New York

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

The Respondents-Appellants Elliott Capital Advisors, L.P. and associated entities (collectively "Elliott") appeal from an order of the United States District Court for the Southern District of New York (Schofield, *J.*) partially staying Elliott's application for discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. Petitioner-Appellee XPO Logistics, Inc. ("XPO") moves to dismiss Elliott's appeal for lack of jurisdiction. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

XPO and Elliott are engaged in litigation in France related to XPO's attempted acquisition of, and Elliott's interests as a minority shareholder in, a logistics company, Norbert Dentressangle S.A. After initiating its action in France, XPO filed an application in the district court pursuant to § 1782 seeking discovery to be used in the French proceedings. Indeed, both XPO and Elliott have sought (and received) discovery in aid of the French proceedings pursuant to § 1782. However, the district court has not granted Elliott all of the discovery into XPO's business that Elliott has requested. Instead, the district court stayed part of Elliott's application pending developments in the French proceedings that could "assist th[e] Court in evaluating Elliott's application." S.P.A. 5–6.

We have appellate jurisdiction over "final decisions" of a district court. 28 U.S.C. §

2

1291.   Thus we have jurisdiction over "an order granting or denying discovery . . . under 28 U.S.C. § 1782," because "such an order is the final adjudication of the § 1782 application." *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011).   In contrast, we ordinarily do not have jurisdiction over a stay order, because "[a] stay order ordinarily does not qualify as a final decision."   *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 112 (2d Cir. 2015) (per curiam). It follows that we lack jurisdiction over Elliott's appeal from the district court's order partially staying—not denying—Elliott's application for discovery.

It is true, as Elliott contends, that a stay may be appealable if it "puts a plaintiff 'effectively out of court.'"   *Id.* at 112 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 & n.11 (1983)).   A stay order may be appealable "if it effectively cedes federal jurisdiction 'by refusing to proceed to a disposition on the merits' or imposing 'lengthy or indefinite delays.'"   *Id.* (quoting *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 723–24 (9th Cir. 2007)) (brackets omitted).

It is conceivable that an order staying a § 1782 application could ripen into such a "lengthy or indefinite delay" that it effectively ousts the § 1782 applicant from federal court. Under such circumstances an appeal from an order staying a § 1782 application may be warranted, particularly in light of one of the twin goals of the statute—namely, "providing *efficient* means of assistance to participants in international litigation," *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992) (emphasis added).   But such facts are not present here.   The stay from which Elliott appeals is tied to developments in an ongoing proceeding (that is, certain aspects of the litigation in France) that the district court has indicated an intent to monitor.   *See Range*, 810 F.3d at 111–12.   Elliott contends that the district court's decision to defer ruling means that Elliott's application will be denied in any event.   We

3

disagree.   The district court's ruling makes clear that the disposition of certain issues in France may inform—not determine—the district court's ultimate resolution of Elliott's discovery requests.   We are confident that rather than cede its authority to an alternate forum, the district court has properly exercised its discretion to manage the disposition of this matter efficiently. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012).   The decision from which Elliott appeals lacks finality, therefore we lack jurisdiction.

We have considered Elliott's remaining jurisdictional arguments and find them to be without merit.   Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk