21-2031-cv
Pena v. 220 East 197 Realty LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

-----------------------------------------------------------------

NELSON PENA,

      *Plaintiff-Appellant*,

    v.                                 No. 21-2031-cv

220 EAST 197 REALTY LLC, 63 WEST L.L.C.,

      *Defendants-Appellees*.

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:        Abdul K. Hassan, Abdul Hassan Law Group,

PLLC, Queens Village, NY

FOR DEFENDANTS-APPELLEES:    Stuart A. Weinberger, Goldberg and Weinberger LLP, New York, NY

Appeal from orders entered in the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of jurisdiction.

This appeal arises from Nelson Pena's suit to recover unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and New York Labor Law (NYLL), N.Y. Lab. Law §§ 2, 190 et seq., 215, 650 et seq.  Pena appeals from a July 23, 2021 order of the United States District Court for the Southern District of New York (Oetken, J.) compelling arbitration and staying his case, and a May 3, 2022 order denying his subsequent motion under Federal Rule of Civil Procedure 60(b) to vacate the July 2021 order.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal for lack of jurisdiction.

After Pena filed his lawsuit, the Appellees, 230 East 197 Realty LLC and 63 West LLC, Pena's former employers, successfully moved to compel arbitration and stay Pena's case pursuant to a collective bargaining agreement ("CBA") with the union representing their employees.  Asserting that he was not a member of the union and thus was not bound by the CBA's arbitration clause, Pena then moved under Rule 60(b) to vacate the District Court's July 2021 order.  The District Court denied his motion.

Pena argues that we have appellate jurisdiction to review the July 2021 order under 28 U.S.C. § 1291, which authorizes us to exercise jurisdiction over "appeals from all final decisions of the district courts of the United States."  We disagree.  The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, "explicitly denies the right to an immediate appeal from an interlocutory order that compels arbitration or stays proceedings."  Katz v. Cellco P'ship, 794 F.3d 341, 346 (2d Cir. 2015); see 9 U.S.C. § 16(b) ("[A]n appeal may not be taken from an interlocutory order . . . granting a stay of any action under section 3 of this title . . . [or] directing arbitration to proceed under section 4 of this title . . . ."); see also Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86 (2000) ("[The FAA] generally permits immediate appeal of orders hostile to arbitration . . . but bars appeal of

interlocutory orders favorable to arbitration."). Citing Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink & Brewery Workers Union Local 812, 242 F.3d 52 (2d Cir. 2001), Pena responds that the FAA does not apply in this case because the District Court compelled arbitration under the CBA, which is governed by the Labor Management Relations Act (LMRA) and the National Labor Relations Act (NLRA), not the FAA. Coca-Cola Bottling held only that the FAA does not govern cases brought under Section 301 of the LMRA. Id. at 53, 55. But as noted, Pena alleged that the Appellees had violated the FLSA and NYLL, not the LMRA, and so the District Court's order compelling arbitration and staying the case pending arbitration was based on the FAA, not the LMRA. We therefore conclude that the FAA applies to bar our review of the order.

Alternatively, Pena argues that we have jurisdiction to consider his appeal of the July 2021 order because (1) the Appellees "conceal[ed]" the existence of the union and the CBA throughout the course of his employment and were thus "in default in proceeding with [the] arbitration" under 9 U.S.C. § 3, and because (2) his ability to "vindicate his statutory rights" and pursue his claims through arbitration is no longer "possible or feasible" as a result of both the Appellees' failure to notify the union and the union's "refusal to respond" to his attorney's

4

emails and other communications. Appellant's Br. 3, 38, 45. But § 3 merely authorizes a district court to deny a motion to stay a case pending arbitration where the party seeking the stay is in default. See Dr.'s Assocs., Inc. v. Distajo, 66 F.3d 438, 454 (2d Cir. 1995). It does not confer appellate jurisdiction to review an order compelling arbitration and staying a case. See 9 U.S.C. § 3. For these reasons, we lack jurisdiction to consider Pena's appeal of the July 2021 order.[1]

Nor do we have jurisdiction to consider Pena's appeal of the May 2022 order denying his Rule 60(b) motion to vacate the July 2021 order. "A final decision" under 28 U.S.C. § 1291 "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Leftridge v. Conn. State Trooper Officer No. 1283, 640 F.3d 62, 66 (2d Cir. 2011) (quotation marks omitted). The May 2022 order, however, did not "end[] the litigation on the merits" and does not constitute a "final" decision under § 1291

---

[1] Pena also suggests that we have jurisdiction to decide his appeal of the July 2021 order either because it is an appealable collateral order or because he is entitled to a writ of mandamus. But the District Court's order compelling arbitration in an ongoing lawsuit does not fall within the collateral order doctrine because the order is not "effectively unreviewable on appeal from a final judgment." Schwartz v. City of New York, 57 F.3d 236, 237 (2d Cir. 1995). And even if we were to construe this appeal as seeking a writ of mandamus, this case does not present the "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion" necessary for the writ to issue. In re Roman Catholic Diocese of Albany, N.Y., Inc., 745 F.3d 30, 35 (2d Cir. 2014) (quotation marks omitted).

any more than the original July 2021 order staying Pena's action.  Id.; see Range v. 480-486 Broadway, LLC, 810 F.3d 108, 111–12 (2d Cir. 2015).  Accordingly, we also lack jurisdiction to consider Pena's appeal from the May 2022 order.

We have considered Pena's remaining arguments[2] and conclude that they are without merit.  For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] For the first time on appeal, Pena asserts that the union has not taken any steps to help him recover his unpaid wages pursuant to the CBA.  Appellees do not contest this assertion.  Because we lack jurisdiction over Pena's appeal from the July 2021 and May 2022 orders, and because "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," Green v. Dep't of Educ., 16 F.4th 1070, 1078 (2d Cir. 2021) (quotation marks omitted), we do not consider this additional issue. To the extent that Pena suggests that he is without a remedy because the union is derelict in failing to pursue his grievance, he is incorrect.  See Vaca v. Sipes, 386 U.S. 171 (1967) (employee may sue union that arbitrarily and without cause refuses to take grievance with employer to arbitration under CBA's grievance procedure).